# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
ELECTRONIC FRONTIER FOUNDATION

**DEFENDANTS**
OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE and DEPARTMENT OF JUSTICE

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)
SAN FRANCISCO COUNTY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Marcia Hoffman, ELECTRONIC FRONTIER FOUNDATION,
454 Shotwell Street, San Francisco, CA 94110

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [X] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability | | 640 RR & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth In Lending | 690 Other | | 490 Cable/Satellite TV |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 740 Railway Labor Act | 864 SSID Title XVI | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting | 510 Motion to Vacate Sentence Habeas Corpus: | 790 Other Labor Litigation | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | 530 General | 791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing | 535 Death Penalty | | 870 Taxes (US Plaintiff or Defendant) | [X] 895 Freedom of Information Act |
| 240 Torts to Land | 444 Welfare | 540 Mandamus & Other | | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 245 Tort Product Liability | 440 Other Civil Rights | 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 445 Amer w/ disab - Empl | 555 Prison Condition | | | 890 Other Statutory Actions |
| | 446 Amer w/ disab - Other | | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Freedom of Information Act ("FOIA") U.S.C. § 552

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] YES [X] NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".
07-5378-SI

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)** (PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE 2/20/08

SIGNATURE OF ATTORNEY OF RECORD
Marcia Hofmann

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.   (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.   Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.  Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA



E-filing

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION | **SUMMONS IN A CIVIL CASE** |
| | CASE NUMBER: *EDL* |
| v. | |
| OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE and DEPARTMENT OF JUSTICE | CV 08   1023 |

TO: (Name and address of defendant)
OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, Washington, DC 20511

*and the above Named Defendants*

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)
Marcia Hofmann, ELECTRONIC FRONTIER FOUNDATION, 454 Shotwell Street, San Francisco, CA 94110

an answer to the complaint which is herewith served upon you, within ~~30~~ 60 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK                                              DATE February 20, 2008

(BY) DEPUTY CLERK

| **RETURN OF SERVICE** ||
|---|---|
| Service of the Summons and Complaint was made by me [1] | DATE |
| Name of SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served Personally upon the Defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other *(specify):*

| **STATEMENT OF SERVICE FEES** |||
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  _____          _____
                    Date                                              *Signature of Server*

                                                                      _____
                                                                      *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

1  Marcia Hofmann (SBN 250087)
   marcia@eff.org
2  ELECTRONIC FRONTIER FOUNDATION
   454 Shotwell Street
3  San Francisco, CA 94110
   Telephone: (415) 436-9333
4  Facsimile: (415) 436-9993

5  David L. Sobel (pro hac vice pending)
   sobel@eff.org
6  ELECTRONIC FRONTIER FOUNDATION
   1875 Connecticut Ave. NW
7  Suite 650
   Washington, DC 20009
8  Telephone: (202) 797-9009 x104
   Facsimile: (202) 707-9066

9
   Attorneys for Plaintiff
10 ELECTRONIC FRONTIER FOUNDATION

11
                    **UNITED STATES DISTRICT COURT**
12
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
13
                      **SAN FRANCISCO DIVISION**
14

15 ELECTRONIC FRONTIER FOUNDATION,      )
                                        )   CV 08 1023
16                      Plaintiff,      )   **COMPLAINT FOR INJUNCTIVE**
                                        )   **RELIEF**
17       v.                             )
                                        )
18 OFFICE OF THE DIRECTOR OF NATIONAL   )
   INTELLIGENCE                         )
19                                      )
      and                               )
20                                      )
   DEPARTMENT OF JUSTICE,               )
21                                      )
                        Defendants.     )
22                                      )

23
       1.   This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for
24
   injunctive and other appropriate relief. Plaintiff seeks the expedited processing and release of
25
   records requested from the Office of the Director of National Intelligence and Department of
26
   Justice concerning a lobbying campaign to amend federal surveillance law and ensure that
27
   telecommunications companies are not held responsible for their role in warrantless government
28

                                         -1-
                          COMPLAINT FOR INJUNCTIVE RELIEF

1  surveillance activities. There is no dispute that the requested records concern a matter about which
2  there is "[a]n urgency to inform the public about an actual or alleged federal government activity,"
3  and were "made by a person primarily engaged in disseminating information." 5 U.S.C. §
4  552(a)(6)(E)(v)(II); 32 C.F.R. § 1700.12(c)(2) & 28 C.F.R. § 16.5(d)(1)(ii). Therefore, Plaintiff is
5  statutorily entitled to the expedited treatment it seeks.

## PARTIES

2.  Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the State of California, with offices in San Francisco, California and Washington, DC. EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology, and to act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

3.  Defendant Office of the Director of National Intelligence ("ODNI") is an Independent Establishment of the Executive Branch of the United States Government. ODNI is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).

4.  Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. §552(f)(1). The Office of the Attorney General, Office of Legislative Affairs, Office of Legal Policy, Office of Legal Counsel, and National Security Division are components of Defendant DOJ.

## JURISDICTION

5.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## VENUE AND INTRADISTRICT ASSIGNMENT

6.  Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

7.  Assignment to the San Francisco division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in this district

-2-
COMPLAINT FOR INJUNCTIVE RELIEF

and division, where Plaintiff is headquartered.

## FACTUAL ALLEGATIONS

### The Administration's Campaign to Shield Telecommunications Companies From Liability for Their Role in Unlawful Surveillance Activity

8. On December 15, 2005, the *New York Times* reported:

> Months after the Sept. 11 attacks, President Bush secretly authorized the National Security Agency to eavesdrop on Americans and others inside the United States to search for evidence of terrorist activity without the court-approved warrants ordinarily required for domestic spying, according to government officials.
>
> Under a presidential order signed in 2002, the intelligence agency has monitored the international telephone calls and international e-mail messages of hundreds, perhaps thousands, of people inside the United States without warrants over the past three years in an effort to track possible "dirty numbers" linked to Al Qaeda, the officials said.

James Risen and Eric Lichtblau, *Bush Lets U.S. Spy on Callers Without Courts*, N.Y. TIMES, Dec. 15, 2005 at A1, *available at* http://www.nytimes.com/2005/12/16/politics/16program.html. The following day, President Bush confirmed in a radio address that he had authorized a surveillance program to intercept international communications in which one participant was suspected of having a connection to the terrorist organization al Qaeda. President's Radio Address, Dec. 17, 2005, http://www.whitehouse.gov/news/releases/2005/12/20051217.html.

9. Shortly thereafter, the *New York Times* reported that the NSA's surveillance activity was far more extensive than the operation President Bush had described. According to the *Times*:

> The National Security Agency has traced and analyzed large volumes of telephone and Internet communications flowing into and out of the United States as part of the eavesdropping program that President Bush approved after the Sept. 11, 2001, attacks to hunt for evidence of terrorist activity, according to current and former government officials.
>
> The volume of information harvested from telecommunication data and voice networks, without court-approved warrants, is much larger than the White House has acknowledged, the officials said. It was collected by tapping directly into some of the American telecommunication system's main arteries, they said.
>
> As part of the program approved by President Bush for domestic surveillance without warrants, the N.S.A. has gained the cooperation of American telecommunications companies to obtain backdoor access to streams of domestic and international communications, the officials said.

-3-
COMPLAINT FOR INJUNCTIVE RELIEF

Eric Lichtblau, *Spy Agency Mined Vast Data Trove*, N.Y. TIMES, Dec. 24, 2005, *available at* http://www.nytimes.com/2005/12/24/politics/24spy.html.

10. On February 6, 2006, *USA Today* reported, "[t]he National Security Agency has secured the cooperation of large telecommunications companies, including AT&T, MCI and Sprint, in its efforts to eavesdrop without warrants on international calls by suspected terrorists, according to seven telecommunications executives." Leslie Cauley and John Diamond, *Telecoms Let NSA Spy on Calls*, USA TODAY, Feb. 6, 2006, *available at* http://www.usatoday.com/news/washington/2006-02-05-nsa-telecoms_x.htm.

11. Approximately 41 lawsuits have been filed throughout the United States seeking to hold the government and cooperating telecommunications carriers responsible for violating the law and the privacy of individuals through the illegal warrantless spying program. An additional seven suits have arisen from attempts by state public utility commissioners and attorneys general to seek information from telecommunications carriers about their involvement in warrantless surveillance activities. Most of these lawsuits have been consolidated and are currently pending in the United States District Court for the Northern District of California. *In re NSA Telecommunications Records Litigation* (MDL Docket No. 06-1791 VRW).[1]

12. On August 5, 2007, President Bush signed into law the Protect America Act of 2007, legislation that amended the Foreign Intelligence Surveillance Act ("FISA") to expand the government's power to intercept overseas communications of Americans without warrants. Pub. L. No. 110-55, 121 Stat. 552. Among other things, the law provided protection for telecommunications companies against future legal liability for participating in certain government surveillance activity.

13. In an article published the same day, the *New York Times* reported:

> [The Protect American Act] gave the administration greater power to force telecommunications companies to cooperate with such spying operations. The companies can now be compelled to cooperate by orders from the attorney general and the director of national intelligence.
>
> Democratic Congressional aides said Sunday that some telecommunications company officials had told Congressional leaders that they were unhappy with that provision in the bill and might challenge the new law in court. The aides said the telecommunications companies had told lawmakers that they would rather have a court-approved warrant ordering them to comply.
>
> In fact, pressure from the telecommunications companies on the Bush administration has apparently played a major hidden role in the political battle over the surveillance issue over the past few months.

James Risen, *Bush Signs Law to Widen Reach for Wiretapping*, N.Y. TIMES, Aug. 5, 2007, *available at* http://www.nytimes.com/2007/08/06/washington/06nsa.html. On information and belief, the assertions quoted above are substantially correct.

14. Congress included a sunset provision in the Protect America Act stating that the law would expire in February 2008 without further legislative action, which guaranteed further debate over foreign intelligence surveillance law. President Bush indicated that the Administration intended to push for even greater legal immunity for the telecommunications industry:

> When Congress returns in September the Intelligence committees and leaders in both parties will need to complete work on the comprehensive reforms requested by Director [of National Intelligence Mike] McConnell, including the important issue of providing meaningful liability protection to those who are alleged to have assisted our Nation following the attacks of September 11, 2001.

Signing Statement, *President Bush Commends Congress on Passage of Intelligence Legislation*, Aug. 6, 2007, *available at* http://www.whitehouse.gov/news/releases/ 2007/08/20070805.html.

15. In an interview discussing the government's warrantless surveillance activities published by the *El Paso Times* on August 22, 2007, Director McConnell stated:

> [U]nder the president's program, the terrorist surveillance program, the private sector had assisted us. Because if you're going to get access you've got to have a partner and they were being sued. Now if you play out the suits at the value they're claimed, it would bankrupt these companies. So my position was that we have to provide liability protection to these private sector entities.

---

[1] Plaintiff is Co-Lead Coordinating Counsel in this litigation.


Chris Roberts, *Transcript: Debate on the Foreign Intelligence Surveillance Act*, EL PASO TIMES, Aug. 22, 2007, *available at* http://www.elpasotimes.com/news/ci_6685679.html. On information and belief, the assertions quoted above are substantially correct.

16. According to an article published by *Newsweek*, "[t]he nation's biggest telecommunications companies, working closely with the White House, have mounted a secretive lobbying campaign to get Congress to quickly approve a measure wiping out all private lawsuits against them for assisting the U.S. intelligence community's warrantless surveillance programs." Michael Isikoff and Mark Hosenball, *Case Dismissed? The Secret Lobbying Campaign Your Phone Company Doesn't Want You to Know About*, NEWSWEEK, Sept. 20, 2007, *available at* http://www.newsweek.com/id/41142. On information and belief, the assertions quoted above are substantially correct.

17. Congress is currently considering whether to make additional changes to FISA. As of the filing of this lawsuit, the House of Representatives has passed the RESTORE Act of 2007, which would not protect telecommunications companies from civil liability for their role in the government's warrantless surveillance program. On February 12, 2008, however, the Senate passed its own version of legislation to amend FISA, which purports to require dismissal of any state or federal lawsuit against a carrier for facilitating government surveillance if the Attorney General certifies to the court that the company was assisting in certain intelligence activity authorized by the President. Congress allowed the Protect America Act to expire on February 16, 2008 without reaching an agreement to extend the controversial law. *See generally* Tim Starks, *House Allows FISA Law to Expire*, CONGRESSIONAL QUARTERLY, February 17, 2008, *available at* http://www.cqpolitics.com/wmspage.cfm?docID=weeklyreport-000002672840.

**Plaintiff's FOIA Requests and Requests for Expedited Processing**

18. In a December 21, 2007 letter sent by facsimile to ODNI, EFF requested under the FOIA all records from September 1, 2007 to December 21, 2007 "concerning briefings, discussions, or other exchanges that Director McConnell or other ODNI officials have had with 1) members of the Senate or House of Representatives and 2) representatives or agents of telecommunications companies concerning amendments to FISA, including any discussion of immunizing telecommunications companies or holding them otherwise unaccountable for their role in government surveillance activities. This request includes, but is not limited to, all email, appointment calendars, telephone message slips, or other records indicating that such briefings, discussions, or other exchanges took place."

19. In letters sent by facsimile on December 21, 2007 to the DOJ Office of the Attorney General, Office of Legislative Affairs, Office of Legal Policy, Office of Legal Counsel, and National Security Division, EFF requested under the FOIA all records from September 1, 2007 to December 21, 2007 "concerning briefings, discussions, or other exchanges that Justice Department officials have had with 1) members of the Senate or House of Representatives and 2) representatives or agents of telecommunications companies concerning amendments to FISA, including any discussion of immunizing telecommunications companies or holding them otherwise unaccountable for their role in government surveillance activities. This request includes, but is not limited to, all e-mail, appointment calendars, telephone message slips, or other records indicating that such briefings, discussions, or other exchanges took place."

20. In its December 21 letters, EFF formally requested that the processing of each request be expedited because it pertains to information about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and were "made by a

person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II); 32 C.F.R. § 1700.12(c)(2) & 28 C.F.R. § 16.5(d)(1)(ii).

21. By letter dated December 27, 2007, the DOJ National Security Division acknowledged receipt of EFF's FOIA request, and by letter dated January 29, 3008 informed EFF that its request for expedited processing had been granted.

22. By letter dated December 28, 2007, the DOJ Office of Information and Privacy acknowledged receipt of EFF's FOIA requests to the Office of the Attorney General, Office of Legislative Affairs, and Office of Legal Policy, and informed EFF that its requests for expedited processing had been granted.

23. By letter dated January 7, 2008, ODNI acknowledged receipt of EFF's FOIA request, and informed EFF that its request for expedited processing had been granted.

24. By letter dated January 9, 2008, the DOJ Office of Legal Counsel acknowledged receipt of EFF's FOIA request and informed EFF that its request for expedited processing had been granted.

25. Notwithstanding ODNI and DOJ's purported decisions to expedite the processing of all of EFF's December 21 FOIA requests, to date, the agencies have not completed the processing of any of the requests nor informed EFF of an anticipated date for the completion of the processing of the requests.

26. Not only have ODNI and DOJ failed to expedite the processing of EFF's requests, they have also exceeded the generally applicable 20-day deadline for the processing of *any* FOIA request.

27. EFF has exhausted all applicable administrative remedies.

28. Defendants ODNI and DOJ have wrongfully withheld the requested records from EFF.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

29. Plaintiff repeats and realleges paragraphs 1-28.

30. ODNI and DOJ have wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

31. Plaintiff has exhausted the applicable administrative remedies with respect to ODNI and DOJ's wrongful withholding of the requested records.

32. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A. order Defendants ODNI and DOJ to process immediately the requested records in their entirety;

B. order Defendants ODNI and DOJ, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to Plaintiff;

C. provide for expeditious proceedings in this action;

D. award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

E. grant such other relief as the Court may deem just and proper.

|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 | DATED: February 20, 2008 | By /s/ Marcia Hofmann |
| 3 |   | Marcia Hofmann, Esq. |

ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

David L. Sobel *(pro hac vice pending)*
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC 20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION