Marcia Hofmann (SBN 250087)
*marcia@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

David L. Sobel *(pro hac vice pending)*
*sobel@eff.org*
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC  20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OFFICE OF THE DIRECTOR OF NATIONAL ) <br> INTELLIGENCE ) <br> ) <br>     and ) <br> ) <br> DEPARTMENT OF JUSTICE, ) <br> ) <br> Defendants. ) <br> ) | NO. 08-1023 EDL <br><br> **MEMORANDUM IN SUPPORT OF APPLICATION FOR ORDER TO SHORTEN TIME FOR A HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiff Electronic Frontier Foundation ("EFF") moves this Court for an order to shorten time to March 25, 2008 or as soon thereafter as is practicable for a hearing on Plaintiff's Motion for Preliminary Injunction. Ample grounds and authority exist to issue an order shortening time. Further, the requested schedule will not pose a hardship to defendants Office of the Director of National Intelligence ("ODNI") and Department of Justice ("DOJ"), and may result in the public

release of documents relevant to an important matter of public concern currently being debated in Congress.

## I. THE COURT HAS AUTHORITY TO SHORTEN TIME TO HEAR A MOTION FOR PRELIMINARY INJUNCTION

Rule 6(d) of the Federal Rules of Civil Procedure explicitly fixes the time for hearings on noticed motions "unless a different period is fixed . . . by order of the court." Fed. R. Civ. P. 6(d). That same rule authorizes a party to seek a different time period upon an *ex parte* application. *ld*. The Court, pursuant to Rule 6(d), may shorten the time for hearing a motion. *E.g.*, *United States v. Fitch*, 472 F.2d 548, 549 n. 5 (9th Cir. 1973), *cert. denied*, 410 U.S. 914 (1973) (shortened time regarding civil contempt of grand jury witnesses). Thus, this Court has the authority to shorten the time for a hearing on EFF's concurrently filed Motion for Preliminary Injunction.

## II. SHORTENED TIME IS APPROPRIATE UNDER THESE CIRCUMSTANCES

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the expedited processing and release of records held by ODNI and DOJ concerning a lobbying campaign to amend federal surveillance law, particularly to insulate telecommunications carriers from liability for their cooperation in widespread and illegal government surveillance. This lawsuit seeks to compel Defendants to process the requested records expeditiously under the Freedom of Information Act ("FOIA") because they involve a matter about which there is an "urgency to inform the public about actual or alleged [f]ederal [g]overnment activity," and are sought by "a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II), 32 C.F.R. § 1700.12(c)(2), and 28 C.F.R. § 16.5(d)(1)(ii). Both agencies have conceded that EFF's FOIA requests satisfy this statutory standard and the agencies' own implementing regulations, and are therefore legally entitled to be processed in an expedited manner. Notwithstanding ODNI and DOJ's purported decisions to expedite the processing of EFF's FOIA requests, however, the agencies have to date neither completed the processing of EFF's requests, nor informed EFF of an

anticipated date for the completion of the processing of the requests.

A hearing before this Court on shortened time is necessary because the subject matter of EFF's requests is directly relevant to the public and congressional debate about whether to immunize telecommunications companies against legal liability for participating in unlawful government surveillance. As of the filing of this lawsuit, the House of Representatives has passed the RESTORE Act of 2007, which would not protect telecommunications companies from civil liability for their role in the government's warrantless surveillance program. H.R. 3773 (as passed by House). On February 12, 2008, however, the Senate passed its own version of legislation to amend FISA, which purports to require dismissal of any state or federal lawsuit against a carrier for facilitating government surveillance if the Attorney General certifies to the court that the company was assisting in certain intelligence activity authorized by the President. H.R. 3773, FISA Amendments Act of 2008 (engrossed amendment as agreed to by Senate). Just yesterday, President Bush told reporters that amending FISA is a "very urgent priority." Press Conference of the President, Feb. 28, 2008, http://www.whitehouse.gov/news/releases/2008/02/20080228-2.html (attached to Declaration of Marcia Hofmann in Support of Plaintiff's Motion for a Preliminary Injunction as Ex. J.)

A hearing on shortened time is also necessary because EFF's repeated efforts to negotiate a production schedule with Defendants have been unsuccessful. On February 20, 2008, EFF attorney Marcia Hofmann phoned Andrew I. Warden, Trial Attorney at the Department of Justice, and informed him that EFF had filed the complaint in this matter that afternoon. Mr. Warden is counsel in a similar FOIA lawsuit between EFF and the Office of the Director of National Intelligence currently pending in this Court entitled *Elec. Frontier Foundation v. Office of the Director of*

*National Intelligence*, No. 07-5278 SI (N.D. Cal. filed Oct. 18, 2007).[1]  Ms. Hofmann also emailed Mr. Warden a courtesy copy of the complaint in the above-captioned action.

The following day, Ms. Hofmann informed Mr. Warden that EFF wished to explore the possibility of negotiating a processing schedule for EFF's FOIA requests to eliminate the need for further action in the above-captioned case. Mr. Warden and Ms. Hofmann discussed the surveillance reform legislation currently pending in the House and Senate, and Ms. Hofmann told Mr. Warden that EFF would consider seeking preliminary injunctive relief in the absence of an agreement to process EFF's requests in a timely manner. On February 27, 2008, Mr. Warden and Ms. Hofmann spoke again regarding the above-captioned case, but were unable to reach a mutually agreeable processing schedule for EFF's FOIA requests. On February 28, 2008, Ms. Hofmann informed Mr. Warden of EFF's intention to move for a preliminary injunction if the parties had not reached a firm agreement on the processing of EFF's FOIA requests by Friday, February 29, 2008. As of this filing, the parties have reached no processing agreement, no documents have been produced, and Mr. Warden has not indicated when EFF's requests will be processed.

Under the statutory scheme Congress established in the FOIA, it is clear that timing is a critical component of expedited processing, and unless ODNI and DOJ are ordered to process EFF's requests immediately, EFF's right to expedition under the FOIA will be irretrievably lost. Furthermore, any further delay in the processing of EFF's FOIA requests will irreparably harm EFF's ability, and that of the public, to obtain timely information vital to the current and ongoing debate surrounding whether Congress should amend FISA, particularly to render telecommunications carriers immune from legal liability for their complicity in the government's warrantless surveillance program.

---

[1] On February 21, 2008, EFF filed a motion in *Elec. Frontier Foundation v. Office of the Director of National Intelligence*, No. 07-5278 SI, asking the Court to consider whether that case should be related to the above-captioned matter.  As of this filing, Judge Illston has not ruled on that motion.

Because both EFF's rights and Defendants' obligations are highly time-sensitive, EFF respectfully requests that the Court set the following expedited briefing and hearing schedule: Defendants' Opposition to EFF's Motion for a Preliminary Injunction will be filed no later than March 7, 2008; EFF's Reply to Defendants' Opposition to EFF's Motion for a Preliminary Injunction will be filed no later than March 12, 2008; and the Court's hearing on EFF's Motion for a Preliminary Injunction will be held March 25, 2008, at 9:00 a.m. This proposal is based on Magistrate Judge Laporte's civil calendar. Should this case be reassigned, we would like a hearing date on March 25, 2008 or as soon thereafter as is practicable on the assigned judge's calendar.

### III. CONCLUSION

Accordingly, Plaintiff respectfully asks that the Court shorten the time for hearing on EFF's Motion for Preliminary Injunction to March 25, 2008 or the next available date.

DATED: February 29, 2008

  /s/ Marcia Hofmann
Marcia Hofmann, Esq.
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA  94110
Telephone:  (415) 436-9333
Facsimile:  (415) 436-9993

David L. Sobel (*pro hac vice pending*)
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC  20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION