Marcia Hofmann (SBN 250087)
*marcia@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

David L. Sobel *(pro hac vice pending)*
*sobel@eff.org*
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC  20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>   Plaintiff,<br><br>   v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE<br><br>   and<br><br>DEPARTMENT OF JUSTICE,<br><br>   Defendants. | NO. 08-1023 EDL<br><br>**DECLARATION OF MARCIA HOFMANN IN SUPPORT OF APPLICATION FOR AN ORDER TO SHORTEN TIME FOR A HEARING ON PALINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |

1. I am an attorney of record for Plaintiff Electronic Frontier Foundation ("EFF") in this matter and a member in good standing of the California State Bar, and am admitted to practice before this Court. I have personal knowledge of the matters stated in this declaration. If called upon to do so, I am competent to testify to all matters set forth herein.

-1-
DECL. OF MARCIA HOFMANN IN SUPPORT OF APPLICATION FOR AN
ORDER TO SHORTEN TIME FOR A HEARING ON PL.'S MOT. FOR PRELIM.
INJ.

2.  This declaration is submitted in support of EFF's application for an order shortening time to have its Motion for a Preliminary Injunction heard by this Court on March 25, 2008, or as soon thereafter as practicable.

3.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the expedited processing and release of records held by ODNI and DOJ concerning a lobbying campaign to amend federal surveillance law, particularly to insulate telecommunications carriers from liability for their cooperation in widespread and illegal government surveillance. This lawsuit seeks to compel Defendants to process the requested records expeditiously under the Freedom of Information Act ("FOIA") because they involve a matter about which there is an "urgency to inform the public about actual or alleged [f]ederal [g]overnment activity," and are sought by "a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II), 32 C.F.R. § 1700.12(c)(2), and 28 C.F.R. § 16.5(d)(1)(ii). Both agencies have conceded that EFF's FOIA requests satisfy this statutory standard and the agencies' own implementing regulations, and are therefore legally entitled to be processed in an expedited manner. Notwithstanding ODNI and DOJ's purported decisions to expedite the processing of EFF's FOIA requests, however, the agencies have to date neither completed the processing of EFF's requests, nor informed EFF of an anticipated date for the completion of the processing of the requests.

4.  A hearing before this Court on shortened time is necessary because the subject matter of EFF's requests is directly relevant to Congress' debate about whether to immunize telecommunications companies against legal liability for participating in unlawful government surveillance. As of the filing of this lawsuit, the House of Representatives has passed the RESTORE Act of 2007, which would not protect telecommunications companies from civil liability for their role in the government's warrantless surveillance program. H.R. 3773 (as passed

-2-

by House). On February 12, 2008, however, the Senate passed its own version of legislation to amend FISA, which purports to require dismissal of any state or federal lawsuit against a carrier for facilitating government surveillance if the Attorney General certifies to the court that the company was assisting in certain intelligence activity authorized by the President. H.R. 3773, FISA Amendments Act of 2008 (engrossed amendment as agreed to by Senate). Just yesterday, President Bush told reporters that amending FISA is a "very urgent priority." Press Conference of the President, Feb. 28, 2008, http://www.whitehouse.gov/news/releases/2008/02/20080228-2.html (attached to Declaration of Marcia Hofmann in Support of Plaintiff's Motion for a Preliminary Injunction as Ex. J.)

5. A hearing on shortened time is also necessary because EFF's repeated efforts to negotiate a processing schedule with Defendants have been unsuccessful. On February 20, 2008, I phoned Andrew I. Warden, Trial Attorney at the Department of Justice, and told him that EFF had filed the complaint in the above-captioned matter earlier in the day. Mr. Warden is counsel in a similar FOIA lawsuit between EFF and the Office of the Director of National Intelligence currently pending in this Court entitled *Elec. Frontier Foundation v. Office of the Director of National Intelligence*, No. 07-5278 SI (N.D. Cal. filed Oct. 18, 2007).[1] I also emailed Mr. Warden a courtesy copy of the complaint in the above-captioned action.

6. The following day, I informed Mr. Warden that EFF wanted to explore the possibility of negotiating a processing schedule for EFF's Freedom of Information Act ("FOIA") requests to eliminate the need for further action in the above-captioned case. Mr. Warden and I discussed surveillance reform legislation currently pending in the House and Senate, and I told Mr. Warden that EFF would consider seeking preliminary injunctive relief in the absence of an

agreement to process EFF's requests in a timely manner.

7. On February 27, 2008, Mr. Warden and I spoke again regarding the above-captioned case, but were unable to reach a mutually agreeable processing schedule processing schedule for EFF's FOIA requests.

8. On February 28, 2008, I informed Mr. Warden of my intention to move for a preliminary injunction if EFF and Defendants had not reached a firm agreement on the processing of EFF's FOIA requests by Friday, February 29, 2008. As of this filing, the parties have reached no processing agreement, no documents have been produced, and Mr. Warden has not indicated when EFF's requests will be processed.

9. Under the statutory scheme Congress established in the FOIA, it is clear that timing is a critical component of expedited processing, and unless ODNI and DOJ are ordered to process EFF's requests immediately, EFF's right to expedition under the FOIA will be irretrievably lost. Furthermore, any further delay in the processing of EFF's FOIA requests will irreparably harm EFF's ability, and that of the public, to obtain timely information vital to the current and ongoing debate surrounding whether Congress should amend FISA, particularly to render telecommunications carriers immune from legal liability for their complicity in the government's warrantless surveillance program.

10. Mr. Warden has indicated that Defendants are unwilling to stipulate to a hearing of EFF's Motion for Preliminary Injunction on shortened time.

11. Mr. Warden has also informed me that Defendants intend to decline to proceed before Magistrate Judge Laporte and request reassignment of this case to an Article III judge.

12. Attached is a proposed order granting this application. EFF respectfully requests

---

[1] On February 21, 2008, EFF filed a motion in *Elec. Frontier Foundation v. Office of the Director of National Intelligence*, No. 07-5278 SI, asking the Court to consider whether that case should be

-4-
DECL. OF MARCIA HOFMANN IN SUPPORT OF APPLICATION FOR AN
ORDER TO SHORTEN TIME FOR A HEARING ON PL.'S MOT. FOR PRELIM. INJ.

that the Court set the following expedited briefing and hearing schedule: Defendants' Opposition to EFF's Motion for a Preliminary Injunction will be filed no later than March 7, 2008; EFF's Reply to Defendants' Opposition to EFF's Motion for a Preliminary Injunction will be filed no later than March 12, 2008; and the Court's hearing on EFF's Motion for a Preliminary Injunction will be held March 25, 2008, at 9:00 a.m.  This proposal is based on Magistrate Judge Laporte's civil calendar. Should this case be reassigned, we would like a hearing date on March 25, 2008 or as soon thereafter as is practicable on the assigned judge's calendar.

13.   The parties have sought no previous time modifications in the case, either by stipulation or Court order.

14.   The undersigned hereby certifies that the application for an order shortening time is made in good faith and for just cause.

15.   On February 28, 2008, Leticia Perez, Legal Secretary for EFF, served copies of the complaint, summonses, and orders of this Court via certified mail on Defendants ODNI and DOJ, as well as the United States Attorney General and United States Attorney for the Northern District of California, as required by Fed. R. Civ. P. 4(i)(1)(a)-(c).  Copies of the receipts for these mailings are attached hereto as Exhibit A.

16.   I certify that today I served a copy of EFF's Motion for Preliminary Injunction, Application for an Order Shortening Time, and the declarations and exhibits supporting each filing on Mr. Warden via email and FedEx Overnight.

---

related to the above-captioned matter.  As of this filing, Judge Illston has not ruled on that motion.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief. Executed February 29, 2008 in San Francisco, California.

                    */s/ Marcia Hofmann*
                    Marcia Hofmann

# EXHIBIT A



