JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
CARL J. NICHOLS
Deputy Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch
ANDREW I. WARDEN (IN Bar No. 23840-49)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7332
Washington, D.C. 20530
Telephone: (202) 616-5084
Facsimile: (202) 616-8460
Andrew.Warden@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE and UNITED STATES DEPARTMENT OF JUSTICE<br><br>Defendants, | No. C 08-1023 EDL<br><br>**DEFENDANT'S OPPOSITION TO APPLICATION FOR ORDER TO SHORTEN TIME FOR A HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Defendants Office of the Director of National Intelligence ("ODNI") and United States Department of Justice ("DoJ") hereby oppose plaintiff's Administrative Application For Order To Shorten Time For A Hearing On Plaintiff's Motion For Preliminary Injunction (dkt. no. 11). Plaintiff's motion unreasonably requests that the Court order defendants to respond to plaintiff's motion for preliminary injunction within five business days (*i.e.*, Friday, March 7, 2008). Plaintiff's proposed schedule will substantially prejudice defendants by not affording them

adequate time to respond to plaintiff's preliminary injunction motion.  Further, plaintiff's purported basis for seeking expedited consideration of this recently-filed case rests entirely on speculative claims of harm that are insufficient to support an expedited hearing schedule.

For these reasons, the Court should deny plaintiff's administrative motion.  In lieu of plaintiff's unreasonable schedule, defendants respectfully request that the Court establish a hearing date and briefing schedule in a manner consistent with the Court's normal practice pursuant to Local Civil Rule 7.

**BACKGROUND**

On February 20, 2008, plaintiff filed the above-captioned case under the Freedom of Information Act ("FOIA") against ODNI and DoJ challenging the processing of a series of identical FOIA requests submitted to ODNI and five components within DoJ on December 21, 2007.  *See* Complaint ¶¶ 18-19.  Plaintiff's FOIA requests seek all records from September 1, 2007 to the present "concerning briefings, discussions, or other exchanges" that DoJ and ODNI officials have had with: 1) members of the Senate or House of Representatives and 2) representatives of telecommunications companies concerning amendments to FISA [Foreign Intelligence Surveillance Act, 50 U.S.C. § 1801 *et seq.*, as amended], including any discussion of immunizing telecommunications companies or holding them otherwise unaccountable for their role in government surveillance activities."  Upon receipt of plaintiff's FOIA requests, defendants agreed to process them on an expedited basis pursuant to the regulations governing such requests.  *See* 32 C.F.R. § 1700.12 (ODNI regulation governing expedited FOIA requests); 28 C.F.R. § 16.5(d) (DoJ regulations governing expedited processing of FOIA requests).  Notwithstanding the approval of expedited processing, on February 29, 2008, plaintiff filed a motion for preliminary injunction seeking an order from this Court compelling defendants to complete processing of plaintiff's FOIA requests within 10 days, and produce or identify all responsive records.  *See* dkt no. 7.  Additionally, plaintiff filed the instant motion for an expedited briefing and hearing schedule that would require defendants to file a response to the preliminary motion on March 7, 2008 (*i.e.*, five business days after the motion was filed) and to conduct a hearing on March 25, 2008.

**ARGUMENT**

Plaintiff's motion for an expedited briefing schedule should be denied because it unfairly prejudices defendants ability to respond to plaintiff's motion for preliminary injunction. Plaintiff's motion cites nearly one hundred separate legal authorities and attaches nearly two hundred pages of exhibits. By all appearances plaintiff has spent considerable time and effort preparing this motion, but plaintiff seeks to constrain defendants' ability to respond by unreasonably compressing the briefing schedule in this matter. According to the typical practice in this Court, defendants would have at least two weeks to respond to a motion for preliminary injunction motion. *See* Local Civil Rule 65-2. Plaintiff's proposed schedule would cut defendants' response time to five business days. Remarkably, plaintiff's schedule would have the effect of shortening only defendants' response time. Plaintiff still seeks the full one-week to file a reply memorandum. *See* Proposed Order (plaintiff's reply due March 12, 2008). Such an unbalanced schedule unfairly prejudices defendants and it should be rejected by the Court.

In addition to requiring time to respond to the legal arguments raised in plaintiff's motion, defendants require sufficient time to investigate the factual allegation raised in the motion and to develop a response to those allegations. Because plaintiff's FOIA requests seek documents from five separate DoJ components as well as ODNI, responding to plaintiff's motion is likely to require coordination among multiple government components in order to prepare a factual presentation for the Court. While defendants have begun these efforts, it would be unreasonable to require defendants to complete these efforts and to file a response to plaintiff's motion by this coming Friday.

Instead of the unreasonable schedule proposed by plaintiff, the Court should establish a hearing date and briefing schedule in a manner consistent with the Court's normal practice pursuant to Local Civil Rule 7. Specifically, the Court should establish a hearing date "not less than 35 days after service of the motion," s*ee* Local Civil Rule 7-2(a) (*i.e.*, no sooner than April 4, 2008), and defendants should be permitted the full time under the Court's local rules to respond to the motion. *See* Local Civil Rule 7-3 ("Any opposition to a motion [including a preliminary injunction motion per Local Civil Rule 65-2] must be served and filed not less than

1  21 days before the hearing date.").

2        This schedule will not impose undue harm or prejudice on plaintiff.  As a threshold
3  matter, plaintiff's motion notably does not explain why plaintiff waited nearly two months to file
4  the preliminary injunction motion.  *See Lydo Enters. v. City of Las Vegas*, 745 F.2d 1211, 1213,
5  1213-14 (9th Cir. 1984) ("By sleeping on its rights a plaintiff demonstrates the lack of need for
6  speedy action.").  According to plaintiff's legal theory, which defendants dispute, "the agencies
7  should have finished processing the [FOIA] requests within 20 working days of receipt."  *See*
8  Plaintiff's Motion at 2.  Consequently, plaintiff could have filed the preliminary injunction
9  motion in early January 2008.[1]  For whatever reason, plaintiff made a strategic decision not to
10 pursue that course of action at that time.  The Court should not reward plaintiff for this decision
11 by unreasonably accelerating the scheduling of this case in a manner that will prejudice
12 defendants.  Moreover, plaintiff has not established that it will face certain and irreparable harm
13 absent the proposed briefing schedule.  The purported basis for the emergency briefing schedule
14 in this case is based entirely on plaintiff's speculation that any records responsive to plaintiff's
15 FOIA request must be released before Congress votes on amendments to the FISA in order for
16 those documents to have value.  *See* Plaintiff's Motion at 2.  Plaintiff's argument is pure
17 speculation, and it is not sufficient to support issuance of an expedited briefing schedule.

## **CONCLUSION**

19     For these reasons, the Court should deny plaintiff's Administrative Application For Order
20 To Shorten Time For A Hearing on Plaintiff's Motion For Preliminary Injunction.  In the
21 alternative, the Court should adopt defendants' proposed order that reflects a briefing and
22 hearing schedule consistent with this Court's normal practice under Local Civil Rule 7.

---

[1] At that time the existence of the FISA debate was well known to the public and, most certainly, to plaintiff.  *See* Complaint ¶¶ 8-17.

No. C. 08-1023 EDL – Defendants' Opposition To Administrative Application For Order To Shorten Time For A Hearing on Plaintiff's Motion For Preliminary Injunction     4

| | |
|---|---|
| 1   Dated: March 5, 2008 | Respectfully submitted, |

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH P. RUSSONIELLO
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch

*/S/ Andrew I. Warden*
ANDREW I. WARDEN (IN Bar No. 23840-49)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7332
Washington, D.C. 20530
Telephone: (202) 616-5084
Facsimile: (202) 616-8460
E-mail: Andrew.Warden@usdoj.gov

*Attorneys for Defendants*

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
CARL J. NICHOLS
Deputy Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch
ANDREW I. WARDEN (IN Bar No. 23840-49)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7332
Washington, D.C. 20530
Telephone: (202) 616-5084
Facsimile: (202) 616-8460
Andrew.Warden@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE and UNITED STATES DEPARTMENT OF JUSTICE<br><br>Defendants, | No. C 08-1023 EDL<br><br>**DECLARATION OF ANDREW I. WARDEN** |

Pursuant to 28 U.S.C. § 1746, I, Andrew I. Warden, hereby declare:

1. I serve as a Trial Attorney in the United States Department of Justice, Civil Division, Federal Programs Branch. I serve as counsel for defendants in the above-captioned case.

2. Consistent with Local Civil Rule 6-3(c), today defendants have filed an opposition memorandum that sets forth the basis for opposing plaintiff's Administrative Application For

No. C. 08-1023 EDL – Declaration of Andrew I. Warden

Order To Shorten Time For A Hearing On Plaintiff's Motion For Preliminary Injunction (dkt. no. 11).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 5, 2008

*/s/ Andrew I. Warden*
ANDREW I. WARDEN

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE and UNITED STATES DEPARTMENT OF JUSTICE<br><br>Defendants, | No. C 08-1023 EDL<br><br>**ORDER ESTABLISHING HEARING SCHEDULE FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Upon consideration of Plaintiff's Administrative Motion To Consider Whether Cases Should Be Related (dkt. no. 40), and defendant's opposition thereto, it is hereby ORDERED as follows:

1) Plaintiff's Administrative Application For Order To Shorten Time For A Hearing on Plaintiff's Motion For Preliminary Injunction is DENIED;

2) The Court shall establish a hearing date for plaintiff's Motion For Preliminary Injunction no sooner than April 4, 2008, consistent with Local Civil Rule 7; and

3) The timing of Defendants' response to plaintiff's Motion For Preliminary Injunction, and plaintiff's reply thereto, shall be governed by Local Civil Rule 7.

IT IS SO ORDERED.

Dated: March ___, 2008.

_____
UNITED STATES DISTRICT JUDGE