Marcia Hofmann (SBN 250087)
*marcia@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

David L. Sobel *(pro hac vice pending)*
*sobel@eff.org*
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC  20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE <br><br> and <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendants. | NO. 08-1023 JSW <br><br> **AMENDED APPLICATION FOR ORDER TO SHORTEN TIME FOR A HEARING ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION; MEMORANDUM IN SUPPORT OF AMENDED APPLICATION FOR ORDER TO SHORTEN TIME FOR A HEARING ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** <br><br> Date: TBD <br> Time: TBD <br> Courtroom: 2, 17th Floor <br> Judge: Hon. Jeffrey S. White |

Plaintiff Electronic Frontier Foundation ("EFF") moves this Court for an order to shorten time to April 4, 2008 or as soon thereafter as is practicable for a hearing on Plaintiff's Motion for a Preliminary Injunction, which is currently scheduled for a hearing on May 9, 2008.

I.  **BACKGROUND**

EFF filed this action on February 20, 2008, seeking the expedited processing and release of federal agency records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Specifically, EFF requested records from ODNI and DOJ concerning a lobbying campaign to amend federal surveillance law, particularly to insulate telecommunications carriers from liability for their cooperation in widespread and illegal government surveillance. On February 29, 2008, EFF filed a Motion for a Preliminary Injunction seeking an order requiring immediate processing of the records, as well as an Application to Shorten Time For Hearing on Plaintiff's Motion for a Preliminary Injunction. On March 5, 2008, Defendants declined to proceed before Magistrate Judge Laporte, to whom the case was initially assigned, and opposed EFF's Application to Shorten Time For Hearing on Plaintiff's Motion for a Preliminary Injunction. This case was reassigned to Judge White on March 6, 2008. In conformity with Judge White's hearing schedule, the Motion for a Preliminary Injunction has been renoticed for hearing on May 9, 2008. As of this filing, Judge White has not ruled on EFF's Application to Shorten Time For Hearing on Plaintiff's Motion for a Preliminary Injunction. Courtroom Deputy Jennifer Ottolini advised on March 11, 2008 that the pending application must be refiled.

II.  **THE COURT HAS AUTHORITY TO SHORTEN TIME TO HEAR A MOTION FOR A PRELIMINARY INJUNCTION**

Rule 6(d) of the Federal Rules of Civil Procedure explicitly fixes the time for hearings on noticed motions "unless a different period is fixed . . . by order of the court." Fed. R. Civ. P. 6(d). That same rule authorizes a party to seek a different time period upon an *ex parte* application. *ld*. The Court, pursuant to Rule 6(d), may shorten the time for hearing a motion. *E.g., United States v. Fitch*, 472 F.2d 548, 549 n. 5 (9th Cir. 1973), *cert. denied*, 410 U.S. 914 (1973) (shortened time regarding civil contempt of grand jury witnesses). Local Rule 6-3 also permits parties to seek

-1-

enlargement or shortening of time to alter events or deadlines. Thus, this Court has the authority to shorten the time for a hearing on EFF's Motion for a Preliminary Injunction.

## II. SHORTENED TIME IS APPROPRIATE UNDER THESE CIRCUMSTANCES

The Court should hear the Motion for a Preliminary Injunction on shortened time because the very nature of the right that EFF seeks to vindicate depends upon timeliness. This is an action under the FOIA, 5 U.S.C. § 552, seeking the expedited processing and release of records held by the government concerning efforts of telecommunications carriers to lobby for changes to federal surveillance law, particularly to ensure that they are not held accountable for their role in a massive, unlawful government surveillance program. This lawsuit seeks to compel ODNI and DOJ to process the requested records expeditiously under the FOIA because they involve a matter about which there is an "urgency to inform the public about actual or alleged [f]ederal [g]overnment activity," and are sought by "a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II), 32 C.F.R. § 1700.12(c)(2), and 28 C.F.R. § 16.5(d)(1)(ii). Both agencies have conceded that EFF's FOIA requests satisfy this statutory standard and the agencies' own implementing regulations, and are therefore legally entitled to expedited processing. Despite the fact that EFF's rights and Defendants' obligations are highly time-sensitive, the agencies have to date neither completed the processing of EFF's requests, nor informed EFF of an anticipated date for completion. Furthermore, both ODNI and DOJ have exceeded the generally applicable 20-day statutory deadline for processing a standard, non-expedited FOIA request.

This Court should also hear the matter on shortened time because the subject matter of EFF's requests is directly relevant to the ongoing public and congressional debate about whether to immunize telecommunications companies against legal liability for participating in unlawful government surveillance. As of the filing of this lawsuit, the House of Representatives has passed legislation that would amend the Foreign Intelligence Surveillance Act ("FISA"), but would not

shield telecommunications companies from civil liability for their role in the government's warrantless surveillance program. H.R. 3773 (as passed by House). On February 12, 2008, however, the Senate passed its own version of legislation to amend FISA, which purports to require dismissal of any state or federal lawsuit against a carrier for facilitating government surveillance if the Attorney General certifies to the court that the company was assisting in certain intelligence activity authorized by the President. H.R. 3773, FISA Amendments Act of 2008 (engrossed amendment as agreed to by Senate). The day before EFF filed its Motion for a Preliminary Injunction, President Bush told reporters that amending FISA is a "very urgent priority" of the Administration. Press Conference of the President, Feb. 28, 2008, http://www.whitehouse.gov/news/releases/2008/02/20080228-2.html (attached to Declaration of Marcia Hofmann in Support of Plaintiff's Motion for a Preliminary Injunction as Ex. J.)

Furthermore, the Court should hear this matter on shortened time because EFF's repeated efforts to negotiate a production schedule with Defendants have been unsuccessful. On February 20, 2008, EFF attorney Marcia Hofmann phoned Andrew I. Warden, Trial Attorney at the Department of Justice, and informed him that EFF had filed the complaint in this matter that afternoon. The following day, Ms. Hofmann informed Mr. Warden that EFF wished to explore the possibility of negotiating a processing schedule for EFF's FOIA requests to eliminate the need for further action in the above-captioned case. Mr. Warden and Ms. Hofmann discussed the surveillance reform legislation currently pending in the House and Senate, and Ms. Hofmann told Mr. Warden that EFF would consider seeking preliminary injunctive relief in the absence of an agreement to process EFF's requests in a timely manner. On February 27, 2008, Mr. Warden and Ms. Hofmann spoke again regarding the above-captioned case, but were unable to reach a mutually agreeable processing schedule for EFF's FOIA requests. On February 28, 2008, Ms. Hofmann informed Mr. Warden of EFF's intention to move for a preliminary injunction if the parties had not

reached a firm agreement on the processing of EFF's FOIA requests by Friday, February 29, 2008. As of this filing, the parties have reached no processing agreement, no documents have been produced, and Mr. Warden has not indicated when EFF's requests will be processed.

Finally, the accelerated hearing schedule that EFF seeks will not unduly harm or prejudice Defendants. In fact, Defendants have already proposed that this Court set an April 4, 2008 hearing date for EFF's Motion for a Preliminary Injunction. *See* [Proposed] Order Establishing Hearing Schedule For Plaintiff's Motion for a Preliminary Injunction (filed March 5, 2008).

Under the statutory scheme Congress established in the FOIA, it is clear that timing is a critical component of expedited processing. Therefore, EFF's right to expedition under the FOIA will be irretrievably lost if ODNI and DOJ are not ordered to process EFF's requests immediately. Moreover, any further delay in the processing of EFF's FOIA requests will irreparably harm EFF's ability, and that of the public, to obtain timely information vital to the current and ongoing debate surrounding whether Congress should amend FISA, particularly to render telecommunications carriers immune from legal liability for their complicity in the government's warrantless surveillance program. EFF has been unable to negotiate a processing schedule with Defendants, and Defendants will not be prejudiced by an accelerated briefing schedule — indeed, they have already proposed that the Court adopt the hearing schedule that EFF now seeks. For these reasons, EFF respectfully requests that this Court set the following expedited briefing and hearing schedule: Defendants' opposition to EFF's Motion for a Preliminary Injunction will be filed no later than March 21, 2008; EFF's reply to Defendants' opposition to EFF's Motion for a Preliminary Injunction will be filed no later than March 26, 2008; and the Court's hearing on EFF's Motion for a Preliminary Injunction will be held April 4, 2008, at 9:00 a.m.

### III.  CONCLUSION

Accordingly, Plaintiff respectfully asks that the Court shorten the time for a hearing on EFF's Motion for a Preliminary Injunction to April 4, 2008 or the next available date.

DATED: March 11, 2008

                                                           */s/ Marcia Hofmann*
Marcia Hofmann, Esq.
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA  94110
Telephone:  (415) 436-9333
Facsimile:  (415) 436-9993

David L. Sobel (*pro hac vice pending*)
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC  20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION