JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
CARL J. NICHOLS
Deputy Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch
ANDREW I. WARDEN (IN Bar No. 23840-49)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7332
Washington, D.C. 20530
Telephone: (202) 616-5084
Facsimile: (202) 616-8460
Andrew.Warden@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE and UNITED STATES DEPARTMENT OF JUSTICE<br><br>　　　　Defendants, | No. C 08-1023 JSW<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S AMENDED APPLICATION FOR ORDER TO SHORTEN TIME FOR A HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

　　　　Defendants Office of the Director of National Intelligence ("ODNI") and United States Department of Justice ("DOJ") hereby oppose plaintiff's Amended Application For Order To Shorten Time For A Hearing On Plaintiff's Motion For Preliminary Injunction (dkt. no. 28). Defendants respectfully request that the current hearing date (May 9, 2008) remain in place and all briefing in this matter be conducted in accordance with the Court's normal practice pursuant to Local Civil Rule 7.

# BACKGROUND

On February 20, 2008, plaintiff filed the above-captioned case under the Freedom of Information Act ("FOIA") against ODNI and DOJ challenging the processing of a series of identical FOIA requests submitted to ODNI and five components within DoJ on December 21, 2007. *See* Complaint ¶¶ 18-19. Plaintiff's FOIA requests seek all records from September 1, 2007 to the present "concerning briefings, discussions, or other exchanges" that DoJ and ODNI officials have had with: 1) members of the Senate or House of Representatives and 2) representatives of telecommunications companies concerning amendments to FISA [Foreign Intelligence Surveillance Act, 50 U.S.C. § 1801 *et seq.*, as amended], including any discussion of immunizing telecommunications companies or holding them otherwise unaccountable for their role in government surveillance activities." Upon receipt of plaintiff's FOIA requests, defendants agreed to process them on an expedited basis pursuant to the regulations governing such requests. *See* 32 C.F.R. § 1700.12 (ODNI regulation governing expedited FOIA requests); 28 C.F.R. § 16.5(d) (DoJ regulations governing expedited processing of FOIA requests). Notwithstanding the approval of expedited processing, on February 29, 2008, plaintiff filed a motion for preliminary injunction seeking an order from this Court compelling defendants to produce or identify all responsive records within 10 days. *See* dkt no. 7. Plaintiff also filed an administrative motion to shorten time for briefing and hearing schedule that would have required defendants to file a response to the preliminary motion on March 7, 2008 (*i.e.*, five business days after the motion was filed) and to conduct a hearing on March 25, 2008. *See* dkt no. 11. Defendants opposed plaintiff's motion. *See* dkt. no. 21. Following reassignment of this case from Magistrate Judge Laporte to this Court on March 6, 2008, and at the instruction of the Court's courtroom deputy, plaintiff has filed an amended motion to shorten time for a hearing. Plaintiff's motion requests a hearing date of April 4, 2008, as well as an order compelling defendants to file an opposition to plaintiff's preliminary injunction motion by March 21, 2008.

# ARGUMENT

Plaintiff's amended motion for an expedited hearing and briefing schedule should be denied. Plaintiff's purported basis for seeking expedited consideration of this recently-filed case

rests entirely on speculative claims of harm that are insufficient to support an expedited hearing schedule. The purported basis for the emergency briefing schedule in this case is based entirely on plaintiff's speculation that plaintiff will suffer irreparable injury if records responsive to plaintiff's FOIA request are not released before Congress votes on permanent amendments to the FISA. Plaintiff's argument is pure speculation, and it is not sufficient to support issuance of an expedited briefing schedule.

Further, the purported emergency in this case is largely of plaintiff's own making. Plaintiff's motion notably does not explain why plaintiff waited nearly two months to file the preliminary injunction motion. *See Lydo Enters. v. City of Las Vegas*, 745 F.2d 1211, 1213, 1213-14 (9th Cir. 1984) ("By sleeping on its rights a plaintiff demonstrates the lack of need for speedy action."). According to plaintiff's legal theory, which defendants dispute, defendants should have finished processing the FOIA requests within 20 days of receiving the requests. *See* Plaintiff's Motion at 2. Consequently, plaintiff could have filed the preliminary injunction motion nearly two months ago in early January 2008.[1] Plaintiff should not be permitted to compensate for its own tardy conduct by imposing an expedited schedule on defendants.

Finally, plaintiff's contention that defendants "already proposed that this Court set an April 4, 2008 hearing date" is misleading. *See* Plaintiff's Motion at 4. Defendants have consistently maintained that this matter should be scheduled according to this Court's normal practice under the local civil rules. Plaintiff's motion for preliminary injunction was filed on February 29, 2008; thus, pursuant to Local Civil Rule 7-2(a), defendants argued in their opposition to plaintiff's first motion to shorten time that the earliest date a hearing could be noticed is April 4, 2008. Defendants' present understanding of the Court's calendar is that the first available civil motions date is May 9, 2009. Because plaintiff's motion for preliminary injunction does not warrant expedited consideration, plaintiff's motion should be heard and briefed according to the regular schedule of this Court.

---

[1] At that time the existence of the FISA debate was well known to the public and, most certainly, to plaintiff. *See* Complaint ¶¶ 8-17.

No. C. 08-1023 JSW – Defendants' Opposition To Amended Application For
Order To Shorten Time For A Hearing on Plaintiff's Motion For Preliminary Injunction       3

# CONCLUSION

For the reasons stated above, the Court should maintain the current hearing date (May 9, 2008) and order that briefing on plaintiff's motion for preliminary injunction be conducted in a manner consistent with the Court's normal practice pursuant to Local Civil Rule 7.

Dated: March 13, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH P. RUSSONIELLO
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch

*/S/ Andrew I. Warden*
ANDREW I. WARDEN (IN Bar No. 23840-49)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7332
Washington, D.C. 20530
Telephone: (202) 616-5084
Facsimile: (202) 616-8460
E-mail: Andrew.Warden@usdoj.gov

*Attorneys for Defendants*

1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  CARL J. NICHOLS
   Deputy Assistant Attorney General
3  JOSEPH P. RUSSONIELLO
   United States Attorney
4  ELIZABETH J. SHAPIRO
   Assistant Director, Federal Programs Branch
5  ANDREW I. WARDEN (IN Bar No. 23840-49)
   Trial Attorney, U.S. Department of Justice
6  Civil Division, Federal Programs Branch
   20 Massachusetts Ave., N.W., Room 7332
7  Washington, D.C. 20530
   Telephone: (202) 616-5084
8  Facsimile: (202) 616-8460
   Andrew.Warden@usdoj.gov
9
   *Attorneys for Defendants*
10

11              UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14
                                              )   No. C 08-1023 JSW
15  ELECTRONIC FRONTIER FOUNDATION,           )
                                              )   **DECLARATION OF**
16          Plaintiff,                        )   **ANDREW I. WARDEN**
                                              )
17      v.                                    )
                                              )
18  OFFICE OF THE DIRECTOR OF NATIONAL        )
    INTELLIGENCE and UNITED STATES            )
19  DEPARTMENT OF JUSTICE                     )
                                              )
20                                            )
            Defendants,                       )
21                                            )

22      Pursuant to 28 U.S.C. § 1746, I, Andrew I. Warden, hereby declare:

23

24      1.      I serve as a Trial Attorney in the United States Department of Justice, Civil

25  Division, Federal Programs Branch. I serve as counsel for defendants in the above-captioned

26  case.

27      2.      Consistent with Local Civil Rule 6-3(c), today defendants have filed an opposition

28  memorandum that sets forth the basis for opposing plaintiff's Amended Application For Order

No. C. 08-1023 JSW – Declaration of Andrew I. Warden

To Shorten Time For A Hearing On Plaintiff's Motion For Preliminary Injunction (dkt. no. 28).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 13, 2008

/s/ Andrew I. Warden

ANDREW I. WARDEN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE and UNITED STATES DEPARTMENT OF JUSTICE<br><br>　　　　　Defendants, | No. C 08-1023 JSW<br><br>**ORDER ESTABLISHING HEARING SCHEDULE FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

　　　Upon consideration of Plaintiff's Amended Application For Order To Shorten Time For A Hearing On Plaintiff's Motion For Preliminary Injunction, and defendants' opposition thereto, it is hereby ORDERED as follows:

　　　1)　　Plaintiff's motion is DENIED;

　　　2)　　Plaintiff's Motion For Preliminary Injunction shall be heard on May 9, 2008; and

　　　3)　　The timing of defendants' response to plaintiff's Motion For Preliminary Injunction, and plaintiff's reply thereto, shall be governed by Local Civil Rule 7.

IT IS SO ORDERED.

Dated: March ___, 2008.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE