JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
CARL J. NICHOLS
Deputy Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch
ANDREW I. WARDEN (IN Bar No. 23840-49)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7332
Washington, D.C. 20530
Telephone: (202) 616-5084
Facsimile: (202) 616-8460
Andrew.Warden@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE and UNITED STATES DEPARTMENT OF JUSTICE<br><br>Defendants. | Civil Action No. 3:08-cv-1023 JSW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF** |

      Defendants, the Office of the Director of National Intelligence and the United States Department of Justice, by and through undersigned counsel, hereby answer plaintiff's complaint in the above-captioned matter as follows:

First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

      The Court lacks subject matter jurisdiction over plaintiff's complaint because defendants have not improperly withheld information within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Third Affirmative Defense

      The FOIA request that is the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required or permitted.

Fourth Affirmative Defense

      Defendants deny each and every allegation contained in the complaint except as hereinafter may be expressly admitted.

      In response to the numbered paragraphs and sentences of the complaint, defendants admit, deny, or otherwise respond as follows:

      1.     The allegations contained in the first two sentences of this paragraph consist of plaintiff's characterization of its complaint, to which no response by defendants is required. To the extent a response is deemed required, defendants admit that this action arises under the FOIA and that the Office of the Director of National Intelligence and United States Department of Justice are the named defendants, but deny the remainder of the allegations contained in these sentences. The third and fourth sentences of this paragraph consist of plaintiff's conclusions of law and characterization of the nature of plaintiff's action, to which no response is required. To the extent a response is deemed required, defendants deny the allegations.

      2.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

3.      Admitted.

4.      Admitted.

5.      The allegations contained in this paragraph consist of legal conclusions regarding the scope and extent of the Court's jurisdiction, to which no response from defendants is required. To the extent a response is deemed required, the allegations are denied.

6.      The allegations contained in this paragraph consist of legal conclusions regarding the venue of this action, to which no response from defendants is required. To the extent a response is deemed required, the allegations are denied.

7.      The allegations contained in this paragraph consist of legal conclusions regarding the scope and extent of the Court's jurisdiction, to which no response from defendants is required. To the extent a response is deemed required, the allegations are denied.

8.      The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendants is required. To the extent a response is deemed required, with respect to the allegations contained in the first sentence, this sentence quotes a portion of a December 15, 2005 article in the NEW YORK TIMES, to which the Court is respectfully referred for a full and accurate statement of its contents. With respect to the allegations in the second sentence, defendants admit that, in a radio address made on December 17, 2005, the President of the United States described certain activities of the NSA which he authorized following the terrorist attacks of September 11, 2001. The Court is respectfully referred to the transcript of that radio address, available at http://www.whitehouse.gov/news/releases/2005/12/20051217.html, for a full and accurate description of the President's statement.

9.      The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendants is required. To the extent a response is deemed required, this paragraph quotes a portion of a December 24, 2005 article in the NEW YORK TIMES, to which the Court is respectfully referred for a full and accurate statement of its contents.

10.      The allegations contained in this paragraph constitute plaintiff's characterization

of matters contained in published news reports, to which no response by defendants is required. To the extent a response is deemed required, this paragraph quotes a portion of a February 6, 2006 article in USA TODAY, to which the Court is respectfully referred for a full and accurate statement of its contents.

11. The allegations contained in this paragraph constitute plaintiff's characterization of various lawsuits related to certain activities of the NSA following the terrorist attacks of September 11, 2001, to which no response by defendants is required. To the extent a response is deemed required, defendants admit that various lawsuits have been filed throughout the United States related to certain activities of the NSA, but denies plaintiff's characterization of these lawsuits.

12. The allegations contained in this paragraph constitute plaintiff's characterization of the Protect America Act of 2007, to which no response by defendants is required. To the extent a response is deemed required, defendants deny plaintiff's characterization of the Act except to admit that the President of the United States signed the Protect America Act of 2007 into law on August 5, 2007. The Court is respectfully referred to the Act for a full and accurate statement of its contents. *See* Protect America Act of 2007, Pub. L. No. 110-55, 121 Stat. 552.

13. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendants is required. To the extent a response is deemed required, this paragraph quotes a portion of an August 5, 2007 article in the NEW YORK TIMES, to which the Court is respectfully referred for a full and accurate statement of its contents.

14. The allegations contained in this paragraph constitute plaintiff's characterization of the Protect America Act of 2007 and a public statement by the President of the United States concerning the Protect America Act of 2007, to which no response by defendants is required. To the extent a response is deemed required, the Court is respectfully referred to the President's entire statement for a full and accurate statement of its contents. *See* http://www.whitehouse.gov/news/releases/2007/08/20070805.html.

15. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendants is required. To the extent a response is deemed required, this paragraph quotes a portion of an August 22, 2007 article in the EL PASO TIMES, to which the Court is respectfully referred for a full and accurate statement of its contents.

16. The allegations contained in this paragraph constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendants is required. To the extent a response is deemed required, this paragraph quotes a portion of a September 20, 2007 article in NEWSWEEK, to which the Court is respectfully referred for a full and accurate statement of its contents.

17. The allegations contained in this paragraph constitute plaintiff's characterization of the current legislative debate to amend the Foreign Intelligence Surveillance Act ("FISA"), to which no response by defendants is required. To the extent a response is deemed required, defendants admit the first sentence of this paragraph. Defendants deny plaintiff's characterization of the RESTORE Act of 2007 in the second sentence of this paragraph, except to admit that the House of Representatives passed that Act on November 15, 2007. The Court is respectfully referred to the Act for a full and accurate statement of its contents. *See* H.R. 3773 (Nov. 15, 2007). In the third sentence defendants deny plaintiff's characterization of the United States Senate's proposed amendments to the FISA, except to admit that the Senate passed the FISA Amendments Act of 2007 on February 12, 2008. The Court is respectfully referred to the Act for a full and accurate statement of its contents. *See* S. 2248. The allegations contained in the fourth sentence constitute plaintiff's characterization of matters contained in published news reports, to which no response by defendants is required. To the extent a response is deemed required, this sentence cites to a February 17, 2008 article in the CONGRESSIONAL QUARTERLY, to which the Court is respectfully referred for a full and accurate statement of its contents.

18. Admitted.

19. Admitted.

20. Admitted.

1    21.    Admitted

2    22.    Admitted.

3    23.    Admitted.

4    24.    Admitted.

5    25.    Defendants deny the allegations in this paragraph, except to aver that defendants are continuing to process plaintiff's FOIA requests as explained in the declarations filed in support of defendants' opposition to plaintiff's motion for preliminary injunction. *See* dkt. no. 36.

26.    The allegations contained in this paragraph constitute conclusions of law to which no response by defendants is required. To the extent a response is deemed required, the allegations are denied.

27.    The allegations contained in this paragraph constitute conclusions of law to which no response by defendants is required. To the extent a response is deemed required, the allegations are denied.

28.    The allegations contained in this paragraph constitute conclusions of law to which no response by defendants is required. To the extent a response is deemed required, the allegations are denied.

29.    Defendants repeat and reallege the responses made in paragraphs 1-28.

30.    The allegations contained in this paragraph constitute conclusions of law to which no response by defendants is required. To the extent a response is deemed required, the allegations are denied.

31.    The allegations contained in this paragraph constitute conclusions of law to which no response by defendants is required. To the extent a response is deemed required, the allegations are denied.

32.    The allegations contained in this paragraph constitute conclusions of law to which no response by defendants is required. To the extent a response is deemed required, the allegations are denied.

WHEREFORE, having fully answered plaintiff's complaint, defendants pray for a

judgment dismissing the complaint with prejudice and for such further relief as the Court may deem just.

Dated: March 31, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH P. RUSSONIELLO
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch

*/S/ Andrew I. Warden*
ANDREW I. WARDEN (IN Bar No. 23840-49)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7332
Washington, D.C. 20530
Telephone: (202) 616-5084
Facsimile: (202) 616-8460
E-mail: Andrew.Warden@usdoj.gov

*Attorneys for Defendants*