IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELECTRONIC FRONTIER FOUNDATION,

    Plaintiff,

v.

OFFICE OF THE DIRECTOR OF
NATIONAL INTELLIGENCE and
DEPARTMENT OF JUSTICE,

    Defendants.

No. C 08-01023 JSW

**NOTICE OF TENTATIVE
RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 4, 2008 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively GRANTS** Plaintiff's motion for preliminary injunction.

The parties shall each have 25 minutes to address the following questions:

1. What is before the Court that demonstrates exceptional circumstances exist (not merely a delay that results from a predictable agency workload of pending requests) which would permit the Court to grant the Government additional time to complete Plaintiff's expedited requests? The presumption of agency delay raised by failing to respond to an expedited request within twenty days is rebuttable if the agency presents credible evidence that disclosure within such time period is truly not practicable. *See Electronic Privacy Information Center v. Department of Justice*, 416 F. Supp. 2d 30, 39 (D.D.C. 2006). Have Defendants presented credible evidence that 10 or perhaps 20 days from the Court's order would by "truly not practicable"?

2. On what basis should this Court distinguish the holding and reasoning in *Electronic Frontier Foundation v. Office of the Director of National Intelligence*, 2007 U.S. Dist. LEXIS 89585 (N.D. Cal., Nov. 27, 2007)?

3. The DOJ National Security Division has represented that it has the greatest volume of responsive records to Plaintiff's request. Does Plaintiff's March 24, 2008 letter expressing its willingness to remove drafts and final versions of statements or testimony that is already publicly available from the scope of the request reduce the time needed for NSD to process the request?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: March 31, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE