Marcia Hofmann (250087)
*marcia@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x116
Facsimile: (415) 436-9993

David L. Sobel *(pro hac vice)*
*sobel@eff.org*
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC  20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE<br><br>　and<br><br>DEPARTMENT OF JUSTICE,<br><br>　　　　　　　　　　　　　Defendants. | Civil Action No. 3:08-1023 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:　Hon. Jeffrey White<br>Date:　June 20, 2008<br>Time:　1:30 p.m.<br>Place:　Courtroom 2, 17th Floor |

Plaintiff Electronic Frontier Foundation ("EFF") and Defendants Office of the Director of National Intelligence ("ODNI") and Department of Justice ("DOJ") respectfully submit the following joint case management statement.

**1.　　Jurisdiction and Related Issues**

EFF contends that this Court has both subject matter jurisdiction over this action and

personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i), and that this Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. EFF further maintains that venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e). All parties have been properly served pursuant to Fed. R. Civ. P. 4(i)(1).

**2.    Facts**

In letters sent by facsimile on December 21, 2007, to ODNI and the DOJ Office of the Attorney General, Office of Legislative Affairs, Office of Legal Policy, Office of Legal Counsel, and National Security Division, EFF requested under the FOIA all records from September 1, 2007 to the present concerning "briefings, discussions, or other exchanges" that agency officials

> have had with 1) members of the Senate or House of Representatives and 2) representatives or agents of telecommunications companies concerning amendments to FISA, including any discussion of immunizing telecommunications companies or holding them otherwise unaccountable for their role in government surveillance activities. This request includes, but is not limited to, all email, appointment calendars, telephone message slips, or other records indicating that such briefings, discussions, or other exchanges took place.

In each of its December 21 letters, EFF formally requested that the processing of these requests be expedited because they seek the disclosure of information about which there is "[a]n urgency to inform the public about an actual or alleged [f]ederal [g]overnment activity," and were "made by a person primarily engaged in disseminating information," as provided in 5 U.S.C. § 552(a)(6)(E)(v)(II), 32 C.F.R. § 1700.12(c)(2), and 28 C.F.R. § 16.5(d)(1)(ii). Each of the government offices acknowledged receipt of EFF's FOIA requests, and informed EFF that its requests for expedited processing had been granted.

EFF filed this action on February 20, 2008, seeking the expedited processing and release of the requested documents. (Dkt. No. 1.) On February 29, 2008, EFF filed a motion for a preliminary injunction to compel the timely processing and production of the records. (Dkt. No. 7.) On April 4, 2008, the Court granted EFF's motion for a preliminary injunction, ordering the

government to "respond to Plaintiff's FOIA requests and provide an initial release of documents no later than April 17, 2008." (Dkt. No. 43.) The Court also ordered the agency to "provide a final release of all responsive, non-exempt documents no later than April 21, 2008," as well as "file with the Court and serve upon Plaintiff's counsel, an affidavit or declaration attesting to Defendants' compliance and setting forth the basis for withholding any responsive documents it does not release."

ODNI and DOJ processed approximately 900 pages by April 21, 2008. The government has withheld approximately 214 responsive pages in part or in full pursuant to 5 U.S.C. §§ 552(b)(1), (2), (3), (5) & (6). (Dkt. No. 44.)

**3.    Legal Issues**

The legal issues remaining to be litigated in this case concern whether the government has properly withheld records in whole or part under 5 U.S.C. § 552(b)(1), (2), (3), (5) & (6). EFF also reserves the right to challenge the adequacy of ODNI and DOJ's searches for responsive records after the government files declarations or an indices pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-8 (D.C. Cir. 1973).

**4.    Motions**

EFF filed a motion for a preliminary injunction on February 29, 2008, seeking to compel the timely processing and production of the records at issue in this case, which the Court granted on April 4, 2008. (Dkt. Nos. 7 & 43.) EFF also filed an administrative motion to shorten time for a hearing on the motion for a preliminary injunction, which was granted as modified by the Court on March 13, 2008. (Dkt. Nos. 28 & 34.)

The parties anticipate that dispositive briefing will resolve this case at the summary judgment stage. EFF reserves the right to seek discovery under Fed. R. Civ. P. 56(f) after the government files its motion for summary judgment and supporting *Vaughn* declarations or indices.

EFF also reserves the right to seek attorney's fees and costs if it is unable to reach an agreement with the government on this issue after the Court rules on the parties' dispositive motions.

**5.     Amendment of Pleadings**

Neither party anticipates amending its pleadings to add or dismiss claims or defenses.

**6.     Evidence Preservation**

Counsel have discussed evidence preservation and have explained this obligation to the parties. The government is taking all reasonable steps to preserve documents responsive to EFF's FOIA requests that were located during the course of the government's search process, including those documents withheld from EFF.

**7.     Disclosures**

The parties agree that initial disclosures are not necessary in this case, as this is an action for review on an administrative record and is therefore exempt from initial disclosure requirements under Fed. R. Civ. P. 26(a)(1)(E)(i).

**8.     Discovery**

To date, no discovery has been taken by any party. The parties do not anticipate proposing any limitations or modifications of the discovery rules. As mentioned *supra*, EFF reserves the right to seek discovery pursuant Fed. R. Civ. P. 56(f) after the government files its motion for summary judgment and accompanying papers.

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

There are no related cases pending before this Court as defined by Local Rule 3-12. The parties note that EFF filed a lawsuit against ODNI on October 17, 2007 seeking the expedited release of records almost identical those in this case. *Electronic Frontier Foundation v. Office of*

*the Director of National Intelligence*, 3:07-5278-SI (filed Oct. 17, 2007). Judge Illston denied EFF's administrative motion to consider whether the instant case should be related to the earlier filed action. (Dkt. No. 18.) EFF also filed a lawsuit against DOJ on September 27, 2007 in the United States District Court for the District of Columbia seeking the expedited release of records substantially similar to the documents in this case. *Electronic Frontier Foundation v. Department of Justice*, No. 1:07-cv-01732-RBW (D.D.C. filed Sept. 27, 2007). That case is still pending.

**11.    Relief**

EFF seeks injunctive relief with respect to the release and disclosure of all records responsive to its December 21, 2007 FOIA requests. EFF also seeks expeditious proceedings in this action, as well as costs and reasonable attorney's fees incurred in this litigation. The government seeks dismissal of this action and the assessment of costs.

**12.    Settlement and ADR**

The parties believe that the prospect of settlement is low at this time. This case has been assigned to the ADR Multi-Option Program, and the parties have conferred about ADR processes in conformance with ADR Local Rule 3-5. The parties believe that this case is not well suited to ADR resolution, and therefore have filed a Notice of Need for ADR Phone Conference pursuant to ADR Local Rule 3-5(c)(2). (Dkt. No. 49.)

**13.    Consent to Magistrate for All Purposes**

On February 29, 2008, EFF filed its consent to proceed before a magistrate judge. (Dkt. No. 16.) On March 5, 2008, the government declined to proceed before a magistrate judge, and so does not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. (Dkt. No. 20.)

**14.    Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a

special master, or reference to the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties have not agreed to narrow the legal issues remaining in this case at this time, though EFF remains open to discussing the possibility once the government files its *Vaughn* declarations or indices. No party requests bifurcation of any issues, claims, or defenses.

**16.    Expedited Schedule**

The parties anticipate that this case will be resolved by the Court on summary judgment, but have been unable to negotiate a mutually agreeable briefing schedule. Because time is at the essence of both EFF's rights and the government's obligations, EFF maintains that this case should be handled on an expedited basis with streamlined procedures. EFF proposes the following briefing schedule:

- The government's motion for summary judgment will be filed no later than August 1, 2008.
- EFF's opposition to the government's motion for summary judgment and cross-motion for summary judgment (if any) will be filed no later than August 15, 2008.
- The government's reply in support of its motion for summary judgment will be filed no later than August 22, 2008.
- EFF's reply in support of its cross-motion for summary judgment (if any) will be filed no later than August 29, 2008.
- The Court will hear the motion(s) on or about September 12, 2008.

The government proposes the following briefing schedule:

- The government's motion for summary judgment will be filed no later than September 1, 2008.
- EFF's opposition to the government's motion for summary judgment and cross-motion

for summary judgment (if any) will be filed no later than September 15, 2008.

- The government's reply in support of its motion for summary judgment will be filed no later than September 22, 2008.

- EFF's reply in support of its cross-motion for summary judgment (if any) will be filed no later than September 29, 2008.

- The Court will bear the motion(s) on or about October 10, 2008.

The parties agree to reserve their rights to seek extension of these deadlines as circumstances warrant.

**17.    Scheduling**

See paragraph 16 above.

**18.    Trial**

The parties anticipate that this entire case will be resolved by the Court on summary judgment, and do not anticipate that this case will be decided a jury.

**19.    Disclosure of Non-Party Interested Entities or Persons**

EFF filed a Certification of Interested Entities or Persons as required by Local Rule 3-16 stating that, aside from the named parties, there is no interest to report. (Dkt. No. 3.) ODNI has not filed a Certification of Interested Entities or Persons because Local Rule 3-16 excuses government entities or their agencies from this requirement.

**20.    Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter**

None.

| | |
|---|---|
| DATED: June 13, 2008 | Respectfully submitted, |

/s/ *Marcia Hofmann*
Marcia Hofmann, Esq.
ELECTRONIC FRONTIER FOUNDATION
 454 Shotwell Street
San Francisco, CA  94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

David L. Sobel, Esq. (*pro hac vice*)
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC  20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 797-9066

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

GREGORY G. KATSAS
Acting Assistant Attorney General

JOSEPH P. RUSSONIELLO
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch

/s/ *Andrew I. Warden*
ANDREW I. WARDEN (IN Bar No. 23840-49)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7332
Washington, D.C. 20530
Telephone: (202) 616-5084
Facsimile: (202) 616-8460
E-mail: Andrew.Warden@usdoj.gov

*Attorneys for Defendants*
*Office of the Director of National Intelligence and Department of Justice*