GREGORY G. KATSAS
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch
ANDREW I. WARDEN (IN Bar No. 23840-49)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7332
Washington, D.C. 20530
Telephone: (202) 616-5084
Facsimile: (202) 616-8460
Andrew.Warden@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | No. 08-1023 JSW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Defendants Office of the Director of National Intelligence ("ODNI") and United States Department of Justice ("DOJ") hereby oppose plaintiff's Administrative Motion To Consider Whether Cases Should Be Related (dkt. no. 54). Plaintiff's recently-filed Freedom of Information Act case, *Electronic Frontier Foundation v. ODNI et al.*, Civil Action No. 08-2997 EMC, is not "related" to the above-captioned case within the meaning of Civil Local Rule 3-12. As a comparison of the cases reveals, neither case grows out of the same event or transaction, nor involves common issues of fact. Further, adherence to the ordinary judicial policy that plaintiff's newly-filed case be randomly assigned will not result in duplication of labor or

1  conflicting results with the above-captioned case.  For these reasons, plaintiff's administrative
2  motion should be denied.

## BACKGROUND

Plaintiff has filed three Freedom of Information Act ("FOIA") lawsuits in this district challenging the government's processing of three distinct FOIA requests related to amendments to the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. § 1801 *et seq.*, as amended. Although all three FOIA requests seek records that are similar in subject matter, the requests seek records created at different periods of time.

First, on October 17, 2007, plaintiff filed *EFF v. ODNI*, 07-5278 SI (hereinafter "*EFF #1*").  This lawsuit challenged ODNI's processing of an August 31, 2007 FOIA request seeking "all agency records from April 2007 to the present [*i.e.*, August 31, 2007] concerning briefings, discussions, or other exchanges that Director McConnell or other ODNI officials have had with": 1) "members of the Senate or House of Representatives"; and 2) "representatives of telecommunications companies concerning amendments to FISA."  *See* Complaint (dkt. no. 1). On December 10, 2007, ODNI released all non-exempt, responsive records to plaintiff in response to the FOIA request at issue.  Thereafter, on March 5, 2008, Judge Illston dismissed the case.  *See* Stipulation Of Dismissal (dkt. no. 46).

Second, on February 20, 2008, plaintiff filed the above-captioned case (hereinafter "*EFF #2*") challenging ODNI and DOJ's processing of a series of FOIA requests, dated December 21, 2007, seeking "all agency records from September 1, 2007 to the present [*i.e.*, December 21, 2007] concerning briefings, discussions, or other exchanges that" ODNI and DOJ official have had with "1) members of the Senate or House of Representatives" and 2) "representatives or agents of telecommunications companies concerning amendments to FISA."  *See* Complaint (dkt. no. 1).  Plaintiff filed a motion to have *EFF #2* designated as a related case to *EFF #1*, but Judge Illston denied that motion.  *See EFF #1* (dkt. no. 45) (order attached as Exhibit 1).  *EFF #2* was subsequently assigned to the Honorable Jeffrey S. White.  On April 21, 2008, ODNI and DOJ released over 900 pages of non-exempt, responsive records in response to the FOIA

1  requests at issue in *EFF #2*.  *See* Defendants' Response To Court's April 4, 2008 Order Granting
2  Preliminary Injunction (dkt. no. 44).  ODNI and DOJ withheld approximately 200 pages of
3  records, in whole and in part, pursuant to various FOIA exemptions and this Court recently
4  established a briefing schedule to address the parties' cross-motions for summary judgment with
5  respect to the withholding of those records.  *See* dkt. no. 55.  Defendants' summary judgment
6  motion is due to be filed on August 1, 2008, and the Court has scheduled a hearing on the matter
7  for October 3, 2008.  *See id.*

8  Third, on June 17, 2008, plaintiff filed *EFF v. ODNI et al.*, No. 08-2997 EMC
9  (hereinafter "*EFF #3*").  This case challenges the processing of a distinct set of FOIA requests
10 submitted to ODNI and DOJ on April 24, 2008.  *See* Complaint ¶ 34 (dkt. no. 1).  Specifically,
11 plaintiff seeks all agency records from "December 21, 2007 to the present [*i.e.*, April 24, 2008]
12 concerning briefings, discussions, or other exchanges that" ODNI and DOJ officials have had
13 with 1) "any member of the Senate or House of Representatives or their staffs" and 2)
14 "representatives or agents of telecommunications companies concerning amendments to FISA."
15 *Id.*  Additionally, plaintiff seeks all records "concerning *any* communications, discussions, or
16 other exchanges regardless of subject" that DOJ and ODNI officials have "had with Charlie
17 Black, Wayne Berman, Dan Coats, Tom Donilon, Jamie Gorelick or Brad Berenson."  *Id.*
18 (emphasis in original).  Plaintiff also seeks agency records from January 1, 2007 to the present
19 that are responsive to the categories described above, but were not been produced in response to
20 plaintiff's prior FOIA requests in *EFF #1* and *EFF #2*.  *See id.*

21 **LEGAL STANDARD:  LOCAL CIVIL RULE 3-12**

22 Cases filed in the Northern District of California are "assigned blindly and at random by
23 the Clerk by means of a manual, automated or combination system approved by the Judges of the
24 Court."  General Order 44 ¶ D(2).  Such a rule "guarantees fair and equal distribution of cases to
25 all judges, avoids public perception or appearance of favoritism in assignments, and reduces
26 opportunities for judge-shopping."  *Tripp v. Executive Office of the President*, 196 F.R.D. 201,
27 202 (D.D.C. 2000) (construing analogous D.D.C. rule).  Civ. L.R. 3-12, however, provides for
28

No. C. 08-1023 JSW – Defendant's Opposition To Plaintiff's Related Case Motion                    3

reassignment of a case to the judge presiding over an earlier-filed case when those cases are related.  "[T]he primary reasons" for Civ. L.R. 3-12 are "to avoid unduly burdensome duplication of labor and expense, and conflicting opinions before different judges." *Bacon v. City and County of San Francisco*, No. C04-3437 TEH, 2005 WL 1910924, *1 n.1 (N.D. Cal. August 10, 2005).  Accordingly, the rule defines cases as related when "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  *See* Civ. L.R. 3-12(a).

## **ARGUMENT**

Plaintiff's motion should be denied because *EFF #3* does not "concern substantially the same parties, property, transaction or event" as *EFF #2*.  Although the plaintiff and defendants are the same in both cases, the "transaction or event" that forms the factual basis for *EFF #3* is completely distinct from the facts underlying *EFF #2*.  Put simply, the two cases involve entirely separate FOIA requests.  The *EFF #3* requests seek records for a different period of time than *EFF #2* – that is, records created after the processing of the *EFF #2* requests.  Whereas the FOIA requests at issue in *EFF #2* involved records created between September 1, 2007 and December 21, 2007, the requests at issue in *EFF #3* seek records created *after* plaintiff submitted the *EFF #2* requests (*i.e.*, from December 21, 2007 to April 24, 2008).  Moreover, *EFF #3* seeks a distinct category of records that was not at issue in EFF #2 – all records of any communications, without any limitation on subject, with Charlie Black, Wayne Berman, Dan Coats, Tom Donilon, Jamie Gorelick or Brad Berenson.  These factual differences are significant because FOIA requests are handled on an individualized request basis, with agencies conducting specific searches for records based on the terms of each request and analyzing whether the records found in response to those requests are appropriate for release.  Consequently, resolution of *EFF #3* will focus exclusively on the manner in which the agencies searched for and processed the specific records at issue, without regard to *EFF #2*.

Allowing *EFF #3* to remain with the presiding judge as a matter of course under General

Order 44 also will not result in unduly burdensome duplication of labor or conflicting results. Notably, Judge Illston rejected an identical motion by plaintiff to designate *EFF #2* as a related case to *EFF #1*. *See* Exhibit 1. This Court should follow the same approach here because *EFF #2* and *EFF #3* do not present a situation in which two different judges of this district will be duplicating their efforts by passing judgment on the same legal claims arising from the same set of facts. The merits litigation of *EFF #2* is currently scheduled for summary judgment briefing and the parties agree the case will likely be resolved without the need for additional proceedings. In light of this posture, plaintiff does not even attempt to explain how resolution of *EFF #3*, which will depend entirely upon the specific facts and records in that case, could conflict with the resolution of *EFF #2* or lead to a duplication of labor. Accordingly, there is no risk, for example, that different judges of this district will duplicate efforts or issue conflicting decisions about whether the same agency records are exempt from disclosure under FOIA.

Plaintiff's motion ignores the separate and distinct nature of its FOIA requests and, instead, contends that related case status is warranted because *EFF #2* and *EFF #3* involve "the same legal issues and causes of action." *See* Plaintiff's Motion at 3. This argument is without merit. The similarity of questions of law is irrelevant under Civil Local Rule 3-12,[1] and for good reason: two separate FOIA cases are no more related than two Title VII employment cases.

## CONCLUSION

Plaintiff has provided no persuasive reason to deviate from this Court's general rule of random assignments, which "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp*, 196 F.R.D. at 202. The Court should, accordingly, deny plaintiff's administrative motion.

---

[1] This decision is based on an explicit choice of the judges of this Court: a prior version of Civil Local Rule 3-12(a)(1), now superseded, factored in whether two cases involved "substantially the same . . . question of law." *See Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. 03-3711-MHP, 2003 WL 22387598, *5 (N.D. Cal. October 14, 2003).

| | |
|---|---|
| Dated: June 23, 2008 | Respectfully submitted, |
| | GREGORY G. KATSAS<br>Acting Assistant Attorney General |
| | JOSEPH P. RUSSONIELLO<br>United States Attorney |
| | ELIZABETH J. SHAPIRO<br>Assistant Director, Federal Programs Branch |
| | */S/ Andrew I. Warden*<br>ANDREW I. WARDEN (IN Bar No. 23840-49)<br>Trial Attorney, U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Ave., N.W., Room 7332<br>Washington, D.C. 20530<br>Telephone: (202) 616-5084<br>Facsimile: (202) 616-8460<br>E-mail: Andrew.Warden@usdoj.gov |
| | *Attorneys for Defendant Office of the*<br>*Director of National Intelligence* |

# EXHIBIT 1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,<br><br>Defendant, | No. C 07-5278 SI<br><br>**ORDER** |

Upon consideration of Plaintiff's Administrative Motion To Consider Whether Cases Should Be Related (dkt. no. 40), and defendant's opposition thereto, it is hereby ORDERED as follows

1) Plaintiff's motion is DENIED; and

2) *Electronic Frontier Foundation v. ODNI*, No. 08-1023 EDL, shall be assigned pursuant to General Order 44 of this Court.

IT IS SO ORDERED.

2/29/08
Dated: ~~March ___, 200~~8.

_____
UNITED STATES DISTRICT JUDGE

No. C 07-5278 SI – Order
1

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendants. | No. 08-1023 JSW<br><br>**ORDER** |

Upon consideration of Plaintiff's Administrative Motion To Consider Whether Cases Should Be Related (dkt. no. 54), and defendants' opposition thereto, it is hereby ORDERED as follows

1) Plaintiff's motion is DENIED; and

2) *Electronic Frontier Foundation v. ODNI et al.*, No. 08-2997 EMC, shall be assigned pursuant to General Order 44 of this Court.


IT IS SO ORDERED.

Dated: June ___, 2008.

_____
UNITED STATES DISTRICT JUDGE

No. C 08-1023 JSW – Order                                                                                              1