IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICE OF THE DIRECTOR OF<br>NATIONAL INTELLIGENCE and<br>DEPARTMENT OF JUSTICE,<br><br>    Defendants.<br>_____/ | No. C 08-01023 JSW<br><br>**ORDER GRANTING**<br>**PLAINTIFF'S MOTION FOR A**<br>**STAY OF PROCEEDINGS** |

Now before the Court is the motion of Plaintiff Electronic Frontier Foundation ("EFF") to stay this action. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS EFF's motion. The Court finds this matter suitable for disposition without oral argument. N.D. Civil L.R. 7-1(b). Accordingly, the hearing set for April 3, 2009 at 9:00 a.m. is HEREBY VACATED.

**BACKGROUND**

On February 20, 2008, EFF filed an action for injunctive relief against Defendants the Office of the Director of National Intelligence ("ODNI") and the Department of Justice ("DOJ") (collectively, "Defendants") alleging violation of the Freedom of Information Act ("FOIA") for the wrongful withholding of agency records. (Complaint at ¶ 30.) EFF seeks the disclosure of records maintained by Defendants concerning the alleged efforts of the agencies and telecommunications companies to encourage changes in federal foreign intelligence law,

1 particularly changes to immunize telecommunication companies from liability concerning their
2 role in the government's warrantless surveillance of Americans and other persons inside the
3 United States following the terrorist attacks of September 11, 2001.  On April 4, 2008, this
4 Court granted EFF's motion for a preliminary injunction, and ordered Defendants to process
5 EFF's requests in accordance with FOIA expeditiously.  (Order Granting Plaintiff's Preliminary
6 Injunction ("Order") at 8.)

7 On December 10, 2008, Defendants moved for summary judgment, asserting that they
8 had completed the processing of EFF's FOIA requests and disclosed all materials not properly
9 exempt from disclosure.  On January 13, 2009, EFF filed a cross-motion for summary
10 judgment, asserting that Defendants improperly withheld agency records, and seeking an order
11 compelling Defendants to disclose such records.

12 On January 21, 2009, President Obama issued a memorandum to the heads of all
13 executive branch departments and agencies concerning FOIA (the "Obama FOIA Memo").
14 (Marcia Hofmann Declaration ("Hoffman Decl."), Ex. A.)  The Obama FOIA Memo provides,
15 in pertinent part, that "[a]ll agencies should adopt a presumption in favor of disclosure, in order
16 to renew their commitment to the principles enshrined in FOIA, and to usher in a new era of
17 open Government.  The presumption of disclosure should be applied to all decisions involving
18 FOIA."  (*Id*.)  President Obama also directed the Attorney General "to issue new guidelines
19 governing the FOIA to the heads of executive departments and agencies, reaffirming the
20 commitment to accountability and transparency, and to publish such guidelines in the Federal
21 Register."  (*Id*.)  On March 19, 2009, while this motion was pending, the Attorney General
22 issued new FOIA guidelines in a memorandum to the heads of executive departments and
23 agencies.

24 EFF now moves the Court for a stay of this action pending review of these new FOIA
25 guidelines.

26
27
28

**ANALYSIS**

**A.    Legal Standard on a Motion for a Stay of Proceedings.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of a sound discretion." *CMAX, Inc. v. Hall*, 200 F.2d 265, 268 (9th Cir. 1962). Accordingly, it is within this Court's discretion to determine whether a stay is warranted.

A district court must balance competing interests when deciding whether to grant a stay. This Court must examine: (1) "possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. (citing *Landis*, 299 U.S. at 254-55). A stay may be the most efficient and fairest course when there are "independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). EFF bears the burden of proving that it will suffer hardship or inequity if forced to proceed in this action. *See Landis*, 299 U.S. at 255.

**B.    EFF Has Shown That Defendants Will Not Suffer Harm if This Case is Stayed.**

The decision in *Landis* requires that the Court weigh the possible damage to Defendants if a stay is granted. *See id*. When the extent of damage endured by the non-moving party is magnified by the possibility that adverse "evidence will be obtained, or rulings made, as a result of" the other proceedings, the damage is not considered sufficient to deny a request for a stay. *CMAX*, 300 F.2d at 269. Therefore, although the new guidelines may undermine Defendants' bases for withholding the information at issue, this possibility is not a legitimate basis for this Court to deny a stay. Rather, if Defendants' "case is weak, justice will be served by having that fact revealed prior to the district court trial." *Id*. Defendants contend that a stay of proceedings is inappropriate given that the briefing of their claimed FOIA exemptions is "nearly at a close." (Opp. Br. at 3.) They further contend that they have already processed EFF's FOIA requests

3

1  with the goal of achieving maximum disclosure. (*Id.*) EFF, on the other hand, argues that
2  Defendants will not suffer any harm. Instead, EFF contends that Defendants will benefit from
3  the conservation of resources and the additional time they will be afforded to determine whether
4  the Attorney General's guidelines affect the FOIA exemptions they assert in this case. (Mot. at
5  5.)

6  Defendants fail to explain how they will be injured by a stay in this case. The fact that
7  briefing for the case is nearly at a close does not constitute an "impressive showing of
8  irreparable damage or injustice." *See CMAX*, 300 F.2d at 269 (holding that the delay of
9  monetary recovery and the possible loss of prejudgment interest did not constitute harm to the
10 defendant). Defendants cite no authority in support of how this fact militates against a stay.
11 Although Defendants assert that they have already evaluated EFF's FOIA requests with the goal
12 of maximum disclosure, EFF convincingly argues that the Obama FOIA memo signals a
13 significant change in disclosure policies, as compared with the prior administration's policy.
14 (Hoff. Decl., Ex. C-D.) The Obama FOIA Memo sets forth the new administration's intent to
15 "adopt a presumption in favor of disclosure" and to "usher in a new era of open Government."
16 (*Id.*, Ex. A.) Therefore, the new guidelines, which implement a more liberal disclosure policy,
17 may significantly narrow or even resolve the issue of whether Defendants have improperly
18 withheld the information requested by EFF. Moreover, Defendants may conserve time and
19 resources they would otherwise dedicate to this litigation or the processing of additional FOIA
20 requests by EFF if they determine that some or all of the withholdings should be disclosed
21 under the new guidelines. On this basis, the lack of damage to Defendants if a stay is granted
22 weighs in EFF's favor.

23 **C.    EFF Has Shown Sufficient Hardship and Inequity to Justify a Discretionary Stay.**

24 The second *Landis* factor weighs in favor of granting a stay if the moving party will
25 endure hardship and inequity if the action is not delayed. *See Landis*, 299 U.S. at 255. As
26 discussed above, EFF alleges that the Obama FOIA Memo marks a stark departure from the
27 previous administration's policy governing FOIA requests. (Mot. at 3; Hoffman Decl., Ex. C-
28 D.) EFF argues that the Obama FOIA Memo reverses the prior administration's policy of

4

nondisclosure where there was a "sound legal basis" to justify such action, and replaces it with a "foreseeable harm" standard that results in nondisclosure only in the instance a request for information would result in foreseeable harm to the government. (Hoffman Decl., Ex. B-D.) If forced to proceed with its case, EFF maintains it would be denied the opportunity to assess how, or if, the new guidelines would dictate disclosure in this case. (Mot. at 4.) Because these guidelines may bear on whether EFF is legally entitled to the documents withheld by Defendants, denying a brief stay of this case could work to deny EFF the opportunity to demonstrate it is legally entitled to the withheld information.

Defendants contend that they have already evaluated the requests with the goal of achieving maximum disclosure, and maintain that they have only withheld information that "would plainly harm an interest protected by one or more of the FOIA's exemptions." (Opp. Br. at 4.) On December 10, 2008, Defendants asserted that they had completed the processing of EFF's requests pursuant to this Court's Order. Despite Defendants' assertion that they processed EFF's requests in a manner that is consistent with the goals of the Obama FOIA Memo issued on January 21, 2009, the Court notes that these requests were processed prior to the issuance of this memo. Therefore, EFF's requests were analyzed under the prior administration's "sound legal basis" standard. Thus, the Court concludes that EFF has demonstrated that it will suffer hardship if compelled to litigate the case before Defendants have an opportunity to assess their FOIA withholdings in light of the Obama FOIA Memo and new Attorney General guidelines.

**D.   EFF Has Shown a Stay Furthers the Orderly Course of Justice.**

The third *Landis* factor weighs in favor of granting a stay when the orderly course of justice will be advanced through the simplifying of issues, proof, and questions of law. *See Landis*, 299 U.S. at 255. EFF argues that a stay furthers judicial economy by reducing the likelihood that the parties will have to relitigate claims over the same material in the future. (Mot. at 5.). A court may "find it is efficient for its own docket and the fairest course fo the parties to enter a stay ... pending resolution of independent proceedings which bear upon the

5

case." *Levya*, 593 F.2d at 863. Accordingly, a court may stay an action "to provide for a just determination of the cases pending before it." *Id*. at 864.

Defendants assert that the neither the Obama FOIA Memo nor the new guidelines warrant a "halt to ongoing FOIA litigation." (Opp. Br. at 4.) As EFF points out, however, the DOJ has nonetheless agreed to postpone another FOIA case concerning EFF requests in the District of Columbia. (Hoffman Decl., Ex. F.) Defendants counter that the District of Columbia case is distinguishable because in that case briefing had not yet begun. As explained above, the fact that briefing on summary judgment is nearly at a close in this case does not constitute damage to Defendants. The Court likewise rejects this reasoning as support for the contention that a stay would be contrary to the interests of justice. Rather, the Court concludes that a brief stay promotes the interest of uniform treatment of similar cases. *See, e.g., CMAX*, 300 F.2d at 270 ("[i]n the interests of uniform treatment of like suits there is much to be said for delaying the frontrunner"). Moreover, delaying the proceedings for thirty days may simplify the issue of whether Defendants have failed to disclose information to which EFF is legally entitled. The Obama FOIA Memo addresses this issue by clarifying that the government shall now operate under a presumption of disclosure, and should only withhold information that would harm the government. The guidelines only further illuminate this issue. Thus, briefly staying this case in order to permit Defendants an opportunity to reexamine their withholdings ensures that EFF's request is fairly processed and prevents EFF from having to resubmit identical requests under the new policy. *See Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1023 (D.C. Cir. 1999) (finding that "there is really nothing of substance to be gained by requiring appellants to file a new FOIA request ..."). Therefore, the Court finds that the orderly course of justice will be advanced by the issuance of a brief stay. On balance, the competing interests to be considered by the Court when determining whether a stay is appropriate weigh in favor of granting EFF's motion for a stay, pending review of the Attorney General's recently-issued guidelines.

6

**CONCLUSION**

For the foregoing reasons, EFF's motion to stay is GRANTED. The parties shall file a joint status report informing the Court of the status of this matter by no later than April 24, 2009.

**IT IS SO ORDERED.**

Dated: March 23, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE