IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF<br>NATIONAL INTELLIGENCE and<br>DEPARTMENT OF JUSTICE,<br><br>    Defendants. | No. C 08-01023 JSW<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

Now before the Court are the parties' consolidated cross-motions for summary judgment. Having considered the parties' pleadings, the relevant legal authority, and having had the benefit of oral argument, the Court hereby DENIES Defendants' motion for summary judgment and GRANTS Plaintiff's cross-motion for summary judgment.

**BACKGROUND**

On August 5, 2007, President Bush signed into law the Protect America Act of 2007, which amended the Foreign Intelligence Surveillance Act ("FISA") to expand the government's authority to gather intelligence with the help of domestic communications service providers, and to protect telecommunications companies from future legal liability for their role in the surveillance activity. Pub. L. No. 110-55, 121 Stat. 552.

The Protect America Act was set to expire in February 2008 without further congressional action. President Bush indicated that the Administration would push for more extensive, and likely retroactive, legal immunity for the telecommunications companies. The

House of Representatives passed the RESTORE Act of 2007, which would not protect telecommunications carriers from civil liability. H.R. 3773 (as passed by House). On February 21, 2008, however, the Senate passed a version of legislation to amend FISA, which purports to require dismissal of any state or federal lawsuit against a telecommunications carrier for facilitating government surveillance, if the Attorney General certifies to the court that the company was assisting in certain intelligence activity authorized by the President. H.R. 3773, FISA Amendments Act of 2008 (amendment as agreed to by Senate).

This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff, the non-profit Electronic Frontier Foundation ("Plaintiff" or "EFF"), seeks the production of a number of withheld documents from the Office of the Director of National Intelligence ("ODNI") and the Department of Justice ("DOJ") concerning efforts of the agencies and the telecommunication industry to push for changes to federal surveillance law, especially to ensure that telecommunications carriers are not held liable for their participation in recent governmental surveillance efforts.

On December 21, 2007, EFF faxed two letter to ODNI and DOJ's Offices of the Attorney General, Legislative Affairs, Legal Policy, Legal Counsel, and National Security Division, requested under FOIA all records from September 1, 2007 to December 21, 2007 concerning "briefing, discussion, or other exchanges" that agency officials

> have had with 1) members of the Senate or House of Representatives and 2) representatives or agents of telecommunications companies concerning amendment to FISA, including any discussion of immunizing telecommunications companies or holding them otherwise unaccountable for their role in government surveillance activities. This request includes, but it not limited to, all email, appointment calendars, telephone message slips, or other records indicating that such briefings, discussion, or other exchanges took place.

(Complaint in 08-01023 JSW at ¶¶ 18-19.)

In letters sent by facsimile on April 24, 2008, to the same set of agencies, EFF requested under the FOIA all records:

    A.    from December 21, 2007 to the present concerning briefings, discussions, or other exchanges any [agency] has had with representatives or agents of telecommunications companies concerning amendments to FISA, including any discussion of immunizing telecommunications companies or holding them otherwise unaccountable for their role in government surveillance activities;

2

   B. from December 21, 2007 to the present concerning briefings, discussions, or other communications from any [agency] official to any member of the Senate or House of Representatives or their staffs;
   C. from December 21, 2007 to the present concerning *any* communications, discussion, or other exchanges regardless of subject that any [agency] official has had with Charlie Black, Wayne Berman, Dan Coats, Tom Donilon, Jamie Gorelick or Brad Berenson; and
   D. from January 1, 2007 to the present that are responsive to the categories above, and have not yet been produced in response to previous EFF FOIA requests.

(Amended Complaint in 08-02997 JSW at ¶¶ 34-35.)

   In each of the letters, EFF formally requested that the processing of these requests be expedited because they sought information about which there is an "urgency to inform the public about an actual or alleged [f]ederal [g]overnment activity," and were "made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II), 32 C.F.R. § 1700.12(c)(2) and 28 C.F.R. § 16.5(d)(1)(ii).

   When the agencies failed to respond timely to these expedited requests, EFF filed suit on February 20, 2008 and June 17, 2008, respectively, in the two cases before this Court, seeking the immediate release of all improperly withheld documents. The issues in the two cases are identical, with the requests for similar documents in sequential time periods, and have been coordinated for purposes of resolution of the legal questions presented. Plaintiff contends that complete production is critical because the information requested is directly relevant to understanding the agencies' roles in lobbying on behalf of telecommunications providers for legislation designed to compel the dismissal of lawsuits against the telecommunications companies, more than 40 of which are currently consolidated and pending before this district. *In re NSA Telecommunications Records Litigation* (MDL Docket No. 06-1791 VRW).

   After this Court granted a preliminary injunction requiring disclosure, Defendants produced a number of documents, some with redactions, as well as a *Vaughn* index and declarations attesting to the exemptions under which the agencies have refused full production. After the start of the new administration under President Obama and his declaration of the importance of transparency in government, Defendants produced a small set of additional documents. Now, upon reviewing the production of released documents and the explanations for Defendants' withholdings, EFF determined not to challenge the adequacy of the agencies'

3

searches or the withholding of any material under Exemptions 1, 2, 3, or 7(E). (*See* Opp. Br. at 8.) EFF does not challenge the withholding of identifying information about any government of private sector individuals with the exception of those involved with telecommunications companies. Therefore, the only disputed materials remaining relate to the unclassified communications between and among executive agencies, Congress, the White House, and telecommunications companies concerning amendments to FISA, and the identities of individuals associated with the carriers within those communications.

In their motion for summary judgment, Defendants contend that their withholdings of records between ODNI or DOJ officials and Members of Congress or their staffs concerning amendments to FISA are appropriate pursuant to Exemption 5 as "inter-agency or intra-agency memorandums or letters." Defendants also argue that the withheld documents form part of the agency's deliberative process and fall under the presidential communications privilege and the common interests or attorney work product doctrine. Defendants also contend that they have properly withheld identifying information regarding individuals and entities who contacted the government in an effort to protect the telecommunications companies from liability. The Court shall address each argument in turn.

## ANALYSIS

**A. Legal Standards Applicable to Motions for Summary Judgment.**

Summary judgment is proper when the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). On an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* Inferences drawn

4

1 from the facts must be viewed in the light most favorable to the party opposing the motion.
2 *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991).

3 Summary judgment is the procedural vehicle by which most FOIA cases are resolved. *Harrison v. Executive Office for U.S. Attorneys*, 377 F. Supp. 2d 141, 145 (D.D.C. 2005). As is mostly the case in this type of proceeding, "there is rarely any factual dispute ... only a legal dispute over how the law is to be applied to the documents at issue." *Schiffer v. FBI*, 78 F.3d 1405, 1409 (9th Cir. 1996). Ultimately, the threshold issue on a motion for summary judgment is whether the agency's explanations are "full and specific enough to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding." *Weiner v. FBI*, 943 F.2d 972, 977 (9th Cir. 1991) (citing *King v. U.S. Dep't of Justice*, 830 F.2d 210, 218 (D.C. Cir. 1987)).

**B.     Standards Under FOIA.**

FOIA was enacted to create a "judicially enforceable public right to secure government documents." *EPA v. Mink*, 410 U.S. 73, 80 (1973). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Hanson v. U.S. Agency for International Development*, 372 F.3d 286, 290 (4th Cir. 2004). Accordingly, nearly every document of a federal agency is available to the public unless it falls within one of the Act's nine enumerated exemptions. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975). Given FOIA's goal of broad disclosure, the exemptions are "narrowly construed." *FBI v. Abramson*, 456 U.S. 615, 636 (1982); *see also Assembly of the State of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992) (the exemptions are to be "interpreted narrowly"). The nine exemptions are narrowly construed so as not to frustrate FOIA's underlying policy of disclosure and non-secrecy. *Department of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Moreover, if only a portion of a record is exempt from disclosure, the agency must disclose the non-exempt portion if it is "reasonably segregable." 5 U.S.C. § 552(b).

5

1  Exemption 5 prevents the disclosure of "inter-agency or intra-agency memorandums or
2 letters which would not be available by law to a party other than an agency in litigation with the
3 agency." 5 U.S.C. § 552(b)(5); *see also Sears, Roebuck*, 421 U.S. at 148-49 (noting that
4 "Exemption 5 withholds from a member of the public documents which a private party could
5 not discover in litigation with the agency," and therefore, "it is reasonable to construe
6 Exemption 5 to exempt those documents ... normally privileged in the civil discovery context.")
7 A document qualifies under Exemption 5 if (1) its source is a government agency, meaning the
8 communication must be "inter-agency or intra-agency" and (2) the document "fall[s] within the
9 ambit of a privilege against discovery under judicial standards that would govern litigation
10 against the agency that holds it." *Klamath*, 532 U.S. at 9. Specifically, Exemption 5 has been
11 interpreted to incorporate the attorney-client privilege, the deliberative process privilege, and
12 the presidential communications privilege. *See Baker & Hostetler LLP v. U.S. Dep't of*
13 *Commerce*, 473 F.3d 312, 321 (D.C. Cir. 2006).

14  The district court reviews *de novo* the agency's response to a FOIA request, and the
15 agency bears the burden of showing that a FOIA exemption applies to any withheld documents.
16 5 U.S.C. § 552(a)(4)(B). The agency may meet its burden by submitting affidavits,
17 declarations, and *Vaughn* indices "identifying each document withheld, the statutory exemption
18 claimed, and a particularized explanation of how disclosure of the particular document would
19 damage the interest protected by the claimed exemption." *Weiner*, 943 F.2d at 977. Summary
20 judgment may be granted solely based on these materials when they describe "the documents
21 and the justifications for nondisclosure with reasonably specific detail, demonstrate that the
22 information withheld logically falls within the claimed exemption, and are not controverted by
23 either contrary evidence in the record not by evidence of agency bad faith." *Military Audit*
24 *Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). "Specificity is the defining requirement"
25 of these explanatory materials. *Wiener*, 943 F.2d at 979 (citing *King*, 830 F.2d at 219).
26 Summary judgment may not be granted if the agency's justifications are "conclusory, merely
27 reciting statutory language, or ... too vague or sweeping." *King*, 830 F.2d at 224.

6

**C.      Defendants Have Improperly Withheld Documents Under Exemption 5.**

The parties agree that the "the bulk of the records at issue in this case consists of confidential email messages exchanged between ODNI or DOJ officials and congressional staff in which the parties to the emails discussed, analyzed and negotiated possible amendments to FISA." (Opp. Br. at 2; Reply at 2.)  The FOIA defines "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch (including Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f).  Neither Congress nor private corporations fall within the statutory definition of "agency." *See also Dow Jones & Co. v. Dep't of Justice*, 908 F.2d 1006, 1009 (D.C. Cir. 1990) (holding that "Congress simply is not an agency [within the statutory definition].")  In addition, the legislative history of Exemption 5 demonstrates that the term "Executive Office of the President" within the statutory definition of "agency" does not include the "President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President." H.R. Rep. No. 93-1380, at 232 (1974); *see also Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 156 (1980) (holding that "FOIA does not render "Executive Office of the President" an agency subject to the Act.").  The Court also finds that Exemption 5 does not extend to communications that have been shared with government bodies or private corporations outside an Executive branch agency because these entities are not considered "agencies" within the meaning of FOIA.

Defendants appear to contend that communications between agency officials and non-agency officials where the agency has solicited the communication in an effort to facilitate its own deliberative process, may still fall within the inter-agency or intra-agency exemption.  In this regard, Defendants contend that the withheld records meet the threshold requirement of Exemption 5 because they have been received by an agency, to assist it in the performance of its own functions, from a person acting in a governmentally-conferred capacity other than on behalf of another agency – e.g., in a capacity as employee or consultant to the agency, or as employee or officer of another governmental unit (not an agency) that is authorized or required to provide advice to the agency.  (*See* Opp. Br. at 3, citing *Klamath*, 532 U.S. at 9-10.)

7

1   However, in order for the exemption to apply in these circumstances, the records submitted by
2   outside consultants must serve essentially the same role in an agency's process of deliberation
3   as documents prepared by agency personnel might have. *Klamath*, 523 U.S. at 10.  However,
4   "the fact about the consultant that is constant in the typical cases is that the consultant does not
5   represent an interest of its own, or the interest of any other client, when it advises the agency
6   that hires it.  Its only obligation are to truth and its sense of what good judgment calls for, and in
7   those respects the consultant functions just as an employee would be expected to do." *Id.* at 10-
8   11; *see also Dow Jones & Co.*, 908 F.2d at 1009 ("as long as the documents are created for the
9   purpose of aiding the *agency's* deliberative process ... they will be deemed intra-agency
10  documents even when created by non-agency personnel") (emphasis in original); *Ryan v. Dep't*
11  *of Justice*, 617 F.2d 781, 790 (D.C. Cir. 1980) (holding that documents are properly withheld
12  under Exemption 5 where agency records are submitted by outside consultant as part of the
13  agency's deliberative process and were solicited by the agency).  To the extent the withheld
14  materials reflect communications between ODNI and DOJ and members of Congress in an
15  effort to facilitate *Congress'* own deliberative process to craft legislation to reform FISA, these
16  communications do not fall under the exemption as there is no evidence that they were used in
17  an effort to aid any agency in its *own* deliberative process.
18      Similarly, the Court finds that any withheld communications between representatives of
19  the telecommunications companies and government officials also fail to meet the threshold
20  requirement necessary to claim Exemption 5 protection.  Here, the telecommunications
21  companies communicated with the government to ensure that Congress would pass legislation
22  to grant them immunity from legal liability for their participation in the surveillance.  Those
23  documents are not protected from disclosure because the companies communicated with the
24  government agencies "with their own ... interests in mind," rather than the agency's interests.
25  *See Klamath*, 532 U.S. at 11.  The Court finds that the threshold requirement to fall within the
26  ambit of Exemption 5 is not met under these circumstances.  The documents do not constitute
27  inter- or intra-agency memorandums or letters under 5 U.S.C. § 552(b)(5).  As they fail to meet
28  the threshold burden of demonstrating protection from disclosure, Defendants may not withhold

8

those documents from disclosure that were exchanged between ODNI and DOJ officials and congressional staff or those documents regarding communications between representatives of the telecommunications companies and government officials.

Although the Court is not persuaded by Defendants' further arguments on the applicability of the presidential communications privilege, the deliberative process privilege, the common interest privilege, or the attorney work product doctrine, the Court need not address the parties' remaining contentions regarding privilege because the Court finds that Defendants have failed to meet their burden to establish the threshold requirement for exemption. Because the test for exemption is conjunctive, the Court need not reach the applicability of the specific privileges Defendants have asserted. *See, e.g., National Institute of Military Justice v. Dep't of Defense*, 2008 WL 1990366, *1 (D.C. Cir. 2008) (finding that many courts overlook the first step in the exemption analysis); *Klamath*, 532 U.S. at 9, 12 (holding that "the first condition of Exemption 5 is no less important than the second; the communication must be 'inter-agency or intra-agency'" and "[t]here is no textual justification for draining the first condition of independent vitality.")

**D. Defendants Have Improperly Withheld Information Under Exemption 6.**

EFF contends that the Defendants improperly withheld records or portions of records reflecting the identities of the carrier employees and their agents pursuant to Exemption 6. Defendants argue that the identities of telecommunications companies' employees and agents were also withheld pursuant to Exemption 3, which EFF no longer challenges.[1] Regardless, Defendants contend that Exemption 6 allows an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The analysis proceeds in two stages: the first stage is fairly minimal and only requires that the information is related to personnel, medical or "similar" information. If so, the Court must determine whether the disclosure would constitute a "a clearly unwarranted invasion of personal privacy" by balancing the public interest in

---

[1] The Court finds that documents over which Defendants claimed Exemptions 2 or 3, but not Exemption 5 are no longer at issue here as EFF's challenge has been abandoned.

9

1 disclosure against the privacy interests of the individuals. *See Washington Post Co. v. U.S. Dep't of Health and Human Services*, 690 F.2d 252, 260 (D.C. Cir. 1982). In performing the balance, courts must keep in mind Congress' "dominant objective" to provide full disclosure of agency records. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976).

The Court finds that there is some, although not substantial, privacy interest in the withheld documents indicating the identities of the private individuals and entities who communicated with the ODNI and DOJ in connection with the FISA amendments. However, in the balance, the Court finds that the public interest in an informed citizenry weighs in favor of disclosure. There is a strong public interest in disclosure of the identity of the individuals who contacted the government in an effort to expand the government's authority to gather intelligence and to protect telecommunications companies from legal liability for their role in governmental surveillance activity.

**CONCLUSION**

Accordingly, the Court DENIES Defendants' motion for summary judgment and GRANTS Plaintiff's cross-motion for summary judgment. The Court orders that the improperly withheld documents shall be disclosed by no later than October 9, 2009.[2]

**IT IS SO ORDERED.**

Dated: September 24, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] On his first day in office, President Obama issued a memorandum to the heads of all executive branch departments and agencies regarding the breadth of FOIA. *Memorandum for Heads of Executive Departments and Agencies*, 74 Fed. Reg. 4683 (Jan. 21, 2009). It provides, in pertinent part: "[a]ll agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles enshrined in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decision involving FOIA." *Id.* In addition, President Obama directed the Attorney General to issue new guidelines governing FOIA, in an effort to reaffirm "the commitment to accountability and transparency." *Id.* The Court finds its holding is consistent with the President's directive.