IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELECTRONIC FRONTIER FOUNDATION,

    Plaintiff,

v.

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE and DEPARTMENT OF JUSTICE,

    Defendants.

No. C 08-01023 JSW
No. C 08-02997 JSW

**ORDER DENYING MOTION FOR LIMITED STAY PENDING APPEAL DETERMINATION BY SOLICITOR GENERAL AND DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Now before the Court is the motion filed by Defendants for a 60-day stay pending a determination by the Solicitor General whether or not to appeal the decision by this Court granting Plaintiff's motion for summary judgment and denying Defendants' motion for summary judgment dated September 24, 2009 ("Order"). The Court finds the motion suitable for resolution without oral argument. Therefore, the hearing set for October 9, 2009 is HEREBY VACATED. *See* N.D. Civ. L.R. 7-1(b). Also before the Court is Defendants' motion for leave to file a motion for reconsideration.

Having considered the parties' pleadings and the relevant legal authority, the Court DENIES Defendants' motion for a limited stay. Although Federal Rule of Appellate Procedure 4(a)(1)(B) permits the Government up to 60 days to determine whether to file an appeal, the Court is not persuaded that it should exercise its discretion to stay its own order pending "necessary consultations and deliberations to determine whether to appeal" the Court's Order. (Reply at 2.) The disputed documents were the subject of an order granting preliminary injunction dated April 2008, a subsequent delay in order for Defendants to re-evaluate their position subject to the reformed regulations of the Obama Administration, and the matter has been submitted on the parties' cross-motions long enough for the Defendants to consider their options regarding a possible appeal in the event their motion was denied.

A motion for a stay pending appeal would be premature and is not properly before the Court. *See* Fed. R. Civ. P. 62(c). The Court makes no finding as to whether a stay pending appeal would be appropriate. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (holding that the factors regulating the issuance of a stay pending appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to proceed on the merits; (1) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.") Should Defendants decide to appeal the Court's Order and to seek a stay from this Court, they will have to meet this high burden.

Defendants have also filed a motion for leave to file a motion for reconsideration of the Order. A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of the order. N.D. Civ. L.R. 7-9(b)(1)-(3). In addition, the moving party may not reargue any written or oral argument previously asserted to the Court. N.D. Civ. L.R. 7-9(c).

2

There is no material difference or emergence of new law or fact since issuance of the Order and the Court has considered the dispositive legal arguments advanced by Defendants in their original papers. The Court concludes that, upon review of the proffered motion for reconsideration, Defendants reargue points previously asserted to the Court and, in essence, merely express their disagreement with the Court's decision. For these reasons, Defendants' motion for leave to file a motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: October 7, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE